1  Deborah A. Gubernick (#242483)
   dgubernick@swlaw.com
2  Christopher D. Bright (#206273)
   cbright@swlaw.com
3  Michelle Emeterio (#340328)
   memeterio@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Blvd., Suite 1400
5  Costa Mesa, California 92626-7689
   Telephone:  714.427.7000
6  Facsimile:   714.427.7799
   *Attorneys for Plaintiff*

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                     WESTERN DIVISION

10  PURE PROACTIVE HEALTH, INC.,        Case No. 2:22-cv-00651
    a Delaware corporation,
11                                      **COMPLAINT**
              Plaintiff,                **1. FEDERAL REGISTERED**
12                                          **TRADEMARK**
        vs.                                 **INFRINGEMENT (15 U.S.C. §**
13                                          **1114)**
    BETR REMEDIES, LLC, a Delaware       **2. FEDERAL FALSE**
14  limited liability company, COUNTRY      **DESIGNATION OF ORIGIN (15**
    MILE, LLC, a Delaware limited          **U.S.C. § 1125(a))**
15  liability company, GREEN PARK        **3. CALIFORNIA COMMON LAW**
    BRANDS, LP, a Delaware limited           **TRADEMARK**
16  partnership, GREEN PARK BRANDS          **INFRINGEMENT (Cal. Bus. &**
    GP, LLC, a Delaware limited liability    **Prof. Code § 14200 *et seq.*)**
17  company, GREEN PARK                  **4. UNFAIR COMPETITION AND**
    HOLDINGS, LLC, a Delaware limited        **UNFAIR BUSINESS**
18  liability company, LIVIO BISTERZO,      **PRACTICES (Cal. Bus. & Prof.**
    JENNIFER SIMONE HOFFMAN, and             **Code § 17200 *et seq.*)**
19  ELLEN POMPEO, and DOES 1-10        **5. CANCELATION OF**
                                             **REGISTERED TRADEMARKS**
20            Defendants.                    **(15 U.S.C. § 1064(1) and (3))**
                                        **6. CYBERSQUATTING UNDER**
21                                          **15 U.S.C. § 1125(d)**

22

23                                      **AND DEMAND FOR JURY TRIAL**

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

1    Plaintiff Pure Proactive Health, Inc., by and through its attorneys, files this
2   Complaint ("Complaint") against Defendants Betr Remedies, LLC, Country Mile,
3   LLC, Green Park Brands, LP, Green Park Brands GP, LLC, Green Park Holdings,
4   LLC, Livio Bisterzo, Jennifer Simone Hoffman, Ellen Pompeo, and DOES 1-10,
5   individually and collectively, alleging as follows:

6                                    **PARTIES**

7    1.    Plaintiff Pure Proactive Health, Inc., a Delaware corporation, is
8   engaged in the business of developing and selling various health and nutritional
9   supplements and providing wholistic wellness and chronic disease management
10  programs, doing business as "Betr Health" also known as "Betr" (hereinafter
11  "Plaintiff" or "Betr Health"), having its principal place of business at 1 Glenwood
12  Avenue #5, Raleigh, NC 27603.

13   2.    Defendant Betr Remedies, LLC ("BR"), a Delaware limited liability
14  company, having a principal place of business at 1601 Colorado Avenue, Santa
15  Monica, CA 90404, is also engaged in the manufacture, distribution and sale of
16  various health and nutritional supplements and medications. BR is formerly known
17  as Live Betr, LLC.

18   3.    Defendant Country Mile, LLC ("Country Mile") is a Delaware limited
19  liability company having a principal place of business at 348 Sterling Road,
20  Kenilworth, IL 60043. Country Mile is a member of Defendant BR.

21   4.    Defendant Green Park Brands, LP ("Green Park Brands") is a Delaware
22  limited partnership, having a principal place of business at 1601 Colorado Avenue,
23  Santa Monica, CA 90404, and is the holding company for BR.

24   5.    Defendant Green Park Brands GP, LLC ("GPB") is a Delaware limited
25  liability company, having a principal place of business at 1601 Colorado Avenue,
26  Santa Monica, CA 90404.

27
28

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 2 -                    COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

1    6.    Defendant Green Park Holdings, LLC ("GPH") is a Delaware limited

2    liability company, having a principal place of business at 2804 Gateway Oaks Drive,

3    Suite 100, Sacramento CA 95833.

4    7.    On information and belief, Defendant Livio Bisterzo ("Mr. Bisterzo")

5    is an individual domiciled in Santa Monica, California, and is the COO and Co-

6    Founder of BR. On information and belief, Mr. Bisterzo was formerly also the CEO

7    of BR, has been one of the primary active participants in the allegations herein and

8    is a guiding spirit of, central figure in, and moving, conscious force of the Defendant

9    BR (hereinafter, for efficiency, "moving, conscious force").

10    8.    On information and belief, Defendant Jennifer Simone Hoffman ("Ms.

11    Hoffman") is an individual domiciled in New York, and is the President and Co-

12    Founder of BR. On information and belief, Ms. Hoffman has been one of the primary

13    active participants in the allegations herein and is a moving, conscious force of the

14    Defendant BR as further described herein.

15    9.    On information and belief, Defendant Ellen Pompeo ("Ms. Pompeo")

16    is an individual domiciled in Los Angeles, California, is a Co-Founder of BR, and

17    is the Chief Impact Officer of BR. Ms. Pompeo is well known for her role as a doctor

18    in the hit television series, Grey's Anatomy. On information and belief, Ms. Pompeo

19    has been one of the primary active participants in the allegations herein and is a

20    moving, conscious force of the Defendant BR as further described herein.

21    10.    Does 1-10 are persons or entities responsible, in whole or in part, for

22    the wrongdoing alleged herein ("Doe Defendants"). Plaintiff is informed and

23    believes, and based thereon, alleges that each of the Doe Defendants participated in,

24    assisted, endorsed, or was otherwise involved in the acts complained hereof, and that

25    they have liability for such acts.  Plaintiff will amend this Complaint if and when

26    the identities of such persons or entities, and the details of their involvement

27    becomes known.

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

1    11.    Defendants BR, Country Mile, Green Park Brands, GPB, GPH, Mr.
2   Bisterzo, Ms. Hoffman, and Ms. Pompeo are collectively referred to as the
3   "Defendants." Individual defendants may be referred to herein as "Defendant."

**JURISDICTION AND VENUE**

5    12.    This court has subject matter jurisdiction under 15 U.S.C. § 1121(a),
6   15 U.S.C. § 1125(d), 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), in that this
7   action arises under Acts of Congress relating to federal trademarks and federal
8   false designation of origin, cybersquatting under the federal trademark and anti-
9   cybersquatting laws, and the claims for California common law trademark
10  infringement, unfair competition under California state law are joined with
11  substantial and related claims brought under the federal trademark laws, and the
12  federal and state law claims arise from a common nucleus of operative facts. This
13  Court has supplemental jurisdiction over related state law claims pursuant to 28
14  U.S.C. § 1367(a) because these claims form part of the same case or controversy.
15  Subject matter jurisdiction is also proper as to Country Mile, Green Park Brands,
16  GPB, GPH, Mr. Bisterzo, Ms. Hoffman and Ms. Pompeo in that the court would
17  have supplemental jurisdiction as they are necessary parties to the action and the
18  claims are so related to the claims in the action with such original jurisdiction that
19  they form part of the same case or controversy under Article III of the United
20  States Constitution pursuant to 28 U.S.C. § 1367.

21   13.    This Court has personal jurisdiction over Defendant BR, Defendant
22  Green Park Brands, and Defendant GPB because each of them has a principal
23  place of business in this District. This Court also has personal jurisdiction over Mr.
24  Bisterzo and Ms. Pompeo because they are domiciled in this District.

25   14.    This Court also has personal jurisdiction over all Defendants because
26  Defendants have conducted systematic and continuous business within California,
27  including this District, and because they have directed their unlawful business
28  activities towards California, including this District, and have caused injury to the

Plaintiff within California, including this District. Defendants are also subject to personal jurisdiction in this Court because, inter alia, and upon information and belief, Defendants directly and through agents regularly solicit and transact business in this District and elsewhere in the state of California. In particular, Defendants have committed and continue to commit the unlawful acts set forth in this Complaint in the State of California, including in this District. Defendants' acts have caused injury to Plaintiff in the State of California, including in this District.

15.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district and that Defendants are subject to the court's subject matter and/or personal jurisdiction with respect to this action as indicated in the preceding paragraphs.

## FACTUAL BACKGROUND REGARDING PLAINTIFF

16.    Betr Health was founded by Dr. William Ferro, a doctor of chiropractic who, in addition to his chiropractic work, specializes in the business of nutrition, holistic remedies, personal coaching and stress management solutions.

17.    Betr Health was originally launched as Pure Proactive Health in 2011, and rebranded to Betr Health in 2015. Betr Health began applying for federal trademark protection for the mark BETR and variations thereof shortly thereafter.

18.    Since at least as early as February 5, 2016, Plaintiff has used the trademark BETR in U.S. commerce in connection with its proprietary daily health and wellness supplements, some of which are medical grade health supplements, and these products have been marketed continuously in commerce throughout the United States.

19.    Plaintiff has also offered chronic disease management and wellness coaching software and programs concurrently with its health supplements since at least 2016.

4871-1059-3291

20.     Betr Health has become a leading provider of wellness goods and services including its health supplements such as probiotics, electrolytes, immune support, adrenal support, and digestive support, as well as personalized treatment programs including digital coaching, nutrition and meal planning, meal-delivery services, and lifestyle modification programs.

21.     Betr Health promotes a cultural change using cutting edge science to overcome ailments of our day, including pain, anxiety, stress, digestive health, obesity, hydration issues, sleep problems and more.

22.     Betr Health is headquartered in Raleigh, North Carolina, has a robust online presence via the world wide web, sells products nationwide, and utilizes coaching staff located throughout the United States.

23.     Betr Health also partners with insurance plans, global health plans, employers, gyms and individual users to provide its products and offer corresponding services to promote health solutions that, among other benefits, are designed to reduce the costs of medical care.

24.     Thousands of customers from across the United States have successfully utilized Betr Health supplements and participated in Betr Health's programs.

25.     Betr Health's diabetes prevention and lifestyle change program is approved by the Centers for Disease Control (CDC) and has been since 2017.

26.     Thousands of active members have joined Betr Health's Community Facebook group devoted to sharing wellness journeys, recipes, tips, and motivation.

27.     Betr Health has invested significant time, effort, and expense in developing, advertising, marketing, and promoting its BETR trademark and the goods and services thereunder.

28.     Betr Health owns the www.betrhealth.com website, featuring its products and services as exemplified in Exhibit A.

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

29.     Indeed, Betr Health's supplements are offered through its online store at (https://store.betrhealth.com/collections/internal-health) as shown in Exhibit B.

30.     Plaintiff, through its affiliated holding company, Proactive Fitness Solutions, also owns the domain name www.weighbetr.com, created January 28, 2016 as shown in Exhibit C. This domain redirect to www.betrhealth.com. Plaintiff and or its affiliated holding company also owns approximately sixty (60) other domain names that include the erm "BETR" as shown in Exhibit D.

31.     Among its product offerings are Plaintiff's Daily Essentials Pack (Microbiome and Immune Health), Adrenal, Lyte-Up, Probiotic, Enzymes and Immune products, as seen in Exhibit E.

32.     Betr Health's products are sold under the BETR trademark and Betr Health has been featured in multiple nationwide publications and press such as: Blue Shield of California's News Center; Virgin Pulse's Welltok; Authority Magazine; FoodShuttle.org; Healthcare Finance; SHEFinds; Eat This Not That; Thrive Global; and Forbes.

33.     Attached as Exhibits F through N are true and correct copies of the publications and press referred to in the previous paragraph.

34.     Betr Health has also participated in community events and fundraisers to promote goodwill associated with its brand, including but not limited to the Inter Faith Food Shuttle and others.

35.     As a proprietor of daily health and wellness supplements, some of which are medical grade health supplements and other wellness products, Betr Health committed years of effort and expense to develop the reputation for quality and goodwill associated with its business.

36.     Betr Health's continuous and exclusive use of BETR and the intellectual property associated therewith resulted in generating goodwill and consumer recognition in connection with BETR throughout the United States such that the BETR trademark is distinctive in the minds of the relevant purchasing

- 7 -                    COMPLAINT, CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/7689

1    public.

2        37.    Plaintiff has also negotiated with retailers concerning launch of

3    product.

4        38.    Indeed, since 2016, Plaintiff has expanded its services and product

5    offerings under the BETR trademark with no sign of slowing.

6                        **PLAINTIFF'S TRADEMARKS**

7        39.    Betr Health is the owner of a federal trademark registration for BETR

8    under United States Trademark, Registration No. 5,108,062 covering "Medical and

9    wellness services, namely, providing weight loss program services," in Class 44,

10   registered on December 27, 2016 (the "062 Registration").

11       40.    A true and correct copy of the Certificate of Registration for the '062

12   Registration is attached as Exhibit O.

13       41.    Betr Health's '062 Registration is "prima facie evidence of the

14   validity of the registered mark and of the registration of the mark, of [Betr

15   Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use

16   the registered mark in commerce on or in connection with the goods or services

17   specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

18       42.    Betr Health's '062 Registration was filed before and registered before

19   any use of BETR by Defendants.

20       43.    Betr Health is the owner of a federal trademark registration for BETR

21   under United States Trademark Registration No. 5,233,391 covering "Computer

22   software for providing health and wellness coaching," in Class 9, registered on

23   June 27, 2017 (the "391 Registration").

24       44.    A true and correct copy of the Certificate of Registration for the '391

25   Registration is attached as Exhibit P.

26       45.    Betr Health's '391 Registration is "prima facie evidence of the

27   validity of the registered mark and of the registration of the mark, of [Betr

28   Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use

COMPLAINT, CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

the registered mark in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

46.    The '391 Registration was filed before and registered before any use of BETR by Defendants.

47.    Betr Health is the owner of a federal trademark registration for BETR THERAPEUTICS under United States Trademark Registration No. 5,971,673 covering "Downloadable computer software for providing health and wellness coaching," in Class 9, registered on January 28, 2020 (the "673 Registration").

48.    A true and copy of the Certificate of Registration for the '673 Registration attached as Exhibit Q.

49.    Betr Health's '673 Registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of [Betr Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

50.    Betr Health's '673 Registration was filed before and registered before any use of BETR by Defendants.

51.    Betr Health also owns pending trademark applications.  A complete list of Betr Health's registered and pending trademarks is below.

| Mark | Status Application No. / Registration Number | Filing Date / Registration Date |
|---|---|---|
| BETR THERAPEUTICS | Registered 88483952 / 5971673 | 06/21/2019 / 01/28/2020 |
| BETR | Registered 86899352 / 5108062 | 02/05/2016 / 12/27/2016 |
| BETR | Registered 86861740 / | 12/30/2015 / 06/27/2017 |

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

| Mark | Status Application No. / Registration Number | Filing Date / Registration Date |
|---|---|---|
|  | 5233391 |  |
| BETR | Pending 97089442 | 10/23/2021 / -- |
| BETR | Pending 97089448 | 10/23/2021 / -- |
| BETR | Pending 97087805 | 10/22/2021 / -- |
| BETR | Pending 97087793 | 10/22/2021 / -- |

52.     Betr Health also owns longstanding common law rights in and to BETR by virtue of continuous use of the mark in commerce for nutritional and dietary supplements and wellness programs since at least as early as 2016.

53.     Betr Health also owns common law rights to its stylized version of BETR by virtue of continuous use of the stylized marks with nutritional and dietary supplements, meal preparation and delivery, fitness and yoga training, personal weighing scales, and personal devices for tracking daily wellness activities as well as related health and wellness programs. Stylized versions of the BETR mark and BETR HEALTH marks are shown below with BETR being the dominant portion of Plaintiff's marks:



COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

54. Betr Health's pending, registered and common law trademarks are collectively referred to herein as the "BETR Marks."

55. As a result of Betr Health's extensive use of its BETR Marks, the BETR Marks have become uniquely associated with Plaintiff.

56. The BETR Marks are inherently distinctive, and Plaintiff's use of its BETR Marks pre-dates Defendants' confusingly similar use of BETR or BETR REMEDIES on or in connection with Defendants' nutritional and dietary supplements, over-the-counter medications, and related health and wellness programs.

## DEFENDANTS ADOPT BETR AND INFRINGE PLAINTIFF'S RIGHTS

57. Despite Plaintiff's widespread use of its marks, and despite Defendants' actual or at least constructive notice of Plaintiff's registered and common law rights, Defendants adopted and began using the identical trademark BETR and nearly identical trademark and branding BETR REMEDIES.

58. In fact, Defendant BR was originally formed as Live Betr, LLC in 2019 well after Betr Health's first use and despite that Betr Health's affiliated entities already owned a livebetr.com domain name.

59. On or about February 4, 2021, approximately five years after Plaintiff's first use, Defendant BR changed its entity name from Live Betr, LLC to Betr Remedies, LLC.

60. Defendants began offering identical and nearly identical goods to those offered by Plaintiff in March of 2021—years after Plaintiff had established rights and goodwill in and to the BETR Marks.

61. Defendants advertise their products through www.betrremedies.com as shown in Exhibit R attached. This website domain was created January 1, 2021—years after Plaintiff launched its BETR Mark. Defendants' website and website domain utilizes and incorporates Plaintiff's BETR Marks in that the word BETR is within the domain name itself, and appears within the website on product.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

62.    Defendants products are designed to relieve pain, allergies, cold and flu symptoms, sleep issues, dehydration, and digestive disfunction—the identical or highly similar relief as Plaintiff's products.

63.    Defendants target the same type of consumers to which Plaintiff offers and markets its nutritional and dietary supplements under Plaintiff's BETR Marks: those seeking means to alleviate pain and chronic illness, and to improve gut health, sleep, and stress.

## DEFENDANTS INFRINGEMENT ESCALATES AS DEFENDANTS ADOPT PLAINTIFF'S COLOR SCHEME

64.    Defendants' earlier version of its infringing mark included the identical term BETR, a nearly identical mark, BETR REMEDIES, and a highly similar yet stylized mark in bright red with black as shown below:

| Plaintiff's Trademark Use | Defendants' Original Trademark Use |
|---|---|
| BETR | BETR |
| BETR HEALTH | BETR REMEDIES |
|  |  |

65.    Defendants inch closer and closer to Plaintiff, even adopting mint green/light green color schemes, with the BETR as the primary focus and dominant portion of the mark – just like Plaintiff, as shown below:

| Plaintiff's Trademark | Defendants' More Recent Trademark |
|---|---|
| BETR | BETR |
| BETR HEALTH | BETR REMEDIES |

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

 

66.     The adoption of identical colors with an identical mark on identical nutritional and dietary supplements and related over the counter medications is likely cause consumer confusion.

67.     Defendants' use of marks identical to and nearly identical to Plaintiff's BETR Marks, with mint green/green pastel color as shown in Exhibit S (https://betrremedies.com/collections/allergy) is highly similar to Plaintiff's color scheme used not only for its house mark shown in the charts above, but also for its Plaintiff's Daily Essentials Pack (Microbiome and Immune Health), Adrenal, Lyte-Up, Probiotic, Enzymes and Immune products, as seen in Exhibit T (https://store.betrhealth.com/collections/internal-health).

## DEFENDANTS INFRINGEMENT ESCALATES AS THEY USE THE SAME MARK ON THE SAME PRODUCT OFFERINGS

68.     Defendants' proximity to Plaintiff's goods and services has no sign of decreasing, and if not stopped, will completely eclipse the entire product line Plaintiff has worked years to develop.

69.     For example, Plaintiff has offered "immune support" products since its inception in 2016.  Defendants now offer "immunity support" also sold under the BETR mark as shown in the chart below:

///

///

///

///

///

///

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291



70.    Defendants recently began offering hydration products – identical in nature to those offered by Plaintiff, branded in nearly identical color scheme as shown in the attached Exhibit U.

71.    On March 11, 2021, years after Plaintiff's first use of BETR, Defendants began using BETR for various wellness products.

## PLAINTIFF SENDS CEASE AND DESIST LETTER AND DEFENDANTS ESCALATE INSTEAD OF STOP THE INFRINGMENT

72.    On April 12, 2021, shortly after learning of Defendants' unauthorized use of BETR for pain relief, allergy, and sleeping pills under Plaintiff's BETR Marks, Plaintiff sent a cease and desist letter to Defendants. Attached as Exhibit V is a true and correct copy of the cease and desist letter.

73.    To date, Defendants have not ceased infringing use of the BETR Marks and have instead expanded their product offerings to include identical products that are offered by Plaintiff.

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

74.    In fact, after Plaintiff Betr Health sent its cease and desist letter, Defendants willfully expanded Defendants' line of products to include digestive health aids, cold and flu medications, electrolyte powder, and immune support supplements, with further expansion planned in the probiotics, smoking cessation, telemedicine, mental health, and other spaces, all of which directly overlap with Plaintiff's products and registered rights.

75.    On August 18, 2021, months after the cease and desist letter from Plaintiff, in an unsuccessful effort to pre-date Plaintiff's rights, Defendant BR acquired the mark BETR, U.S. Trademark Application Numbers 87/983,921 and 87/916,265 from Defendant Country Mile (the "Country Mile Original Applications")—both of which post-date Plaintiff's earliest trademark use date of 2016.

76.    Attached as Exhibit W is a true and correct copy of the trademark assignment agreement between Defendant BR and Defendant Country Mile (USPTO Assignment Reel and Frame Number 7419/0059).

77.    Notwithstanding this assignment, Plaintiff has superior and earlier trademark rights to BETR.

## PLAINTIFF PETITIONS TO CANCEL DEFENDANTS' REGISTRATION

78.    After acquiring the Country Mile Original Applications[1], one of these applications became registered under United States Registration No. 6,456,090 (the "BR's Registration").

79.    On August 19, 2021, Plaintiff initiated a Petition to Cancel Defendant BR's Registration before Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark ("USPTO") Office under Proceeding Number 92077880 (the "Cancellation Action") on the basis of priority and likelihood of confusion under Trademark Act Sections 14(1) and 2(d).

---

[1] Country Mile's U.S. Application No. 87916,265, was later divided—creating a new Application No. 87/983,921 (the '921 Application). The '921 Application is that which matured to registration.

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

80.    Plaintiff is moving to suspend the TTAB Cancellation Action as the cancellation action is now encompassed within this suit for the purposes of judicial economy and efficiency and consistent with 15 U.S.C. § 1119.

81.    Furthermore, Plaintiff has discovered additional grounds for cancellation of the BR Registration, particularly that the registration was procured through fraudulent statements made during the prosecution history leading to the BR Registration.

82.    In fact, prior to transferring BR's Registration to BR, Defendant Country Mile submitted a Statement of Use to the USPTO claiming use since March 11, 2021.

83.    On information and belief, Defendant Country Mile had not yet used the mark BETR in connection with any goods or services, rendering the assignment to Defendant BR invalid.

84.    On information and belief, Defendant Country Mile's Statement of Use relied exclusively on use of the mark by BR pursuant to a license agreement dated March 15, 2019, when in fact use had not yet commenced either by Country Mile or BR.

85.    And, despite submitting the Statement of Use, neither Country Mile nor BR had made bona fide use of the mark despite declaring the mark was in fact in use as of March 11, 2021.

86.    The statements made in the Statement of Use and related Declaration were false.

87.    The United States Patent and Trademark Office ("USPTO") relied on the false statements to its detriment, and to the benefit of Defendants, allowing the application to mature into BR's Registration.

88.    But for the fraudulent statement and misrepresentation, the USPTO would not have granted BR's Registration.

4871-1059-3291

89.    Furthermore, despite knowledge of Plaintiff's rights and marks, Defendant BR filed multiple other trademark applications, all of which post-date Plaintiff's use and all of which are listed below (collectively, "BR's Marks"):

| Defendant BR's Mark | Status Application No. / Registration Number | Filing Date / Registration Date |
|---|---|---|
| Betr | Pending 90394088 / -- | December 18, 2020 / -- |
| Betr | Pending 90394086/ -- | December 18, 2020 / -- |
| BETR | Pending 90393301/ -- | December 18, 2020 / -- |
| BETR | Pending 90393290/ -- | December 18, 2020 / -- |
| BETR | Registered 87983921 / 6456090 | May 10, 2018 / August 17, 2021 |
| BETR | Pending 87916265/ -- | May 10, 2018 |

90.    In its applications for the BR Marks, Defendants represented to the USPTO that no other entity or individual had rights to such mark when in fact BR had knowledge of Plaintiff's rights.

91.    The USPTO has relied on Defendants misrepresentations to approve the BR Marks and but for those misrepresentations, would not have done so.

## DEFENDANTS INFRINGE PLAINTIFF IN MARKETING

92.    Defendants' infringing activities do not stop there. They have increased their marketing through retailers.

93.    In doing so, Defendants have used and infringed the BETR Marks without authorization, without Plaintiff's consent despite no affiliation with Plaintiff.

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

94.    Making matters worse, Defendants are now using a "doctor" in advertising; Plaintiff was in fact founded by a doctor.

95.    Specifically, Plaintiff's founder, Dr. Ferro, has spent his career not only treating patients, but listening to their needs, learning, researching and developing products, services and treatments to improve health and wellness.  His involvement in the brand is critical to its success.

96.    Defendants recently announced a co-founder, Ellen Pompeo, better known as Dr. Meredith Grey, from the hit show Grey's Anatomy, in another move that could cause consumer confusion and is an imitation of Plaintiff's marketing.

97.    Defendants' continued use of the BETR Marks and branding efforts will confuse consumers. Defendants' continued efforts to trade off Plaintiff's goodwill will continue to cause Plaintiff harm.

98.    Moreover, Defendants' affiliate, Defendant Green Park Brands actively promotes Defendant BR, including through its website (https://www.greenparkbrands.com/brands/betr), as seen in Exhibit X. Green Park Brands funds the operations of Defendant BR, and "creates, operates, and accelerates" Defendant BR (https://www.greenparkbrands.com/), as seen in Exhibit Y.

99.    Green Park Brands' promotion, funding, and backing of Defendant BR enables Defendants to escalate its infringing activities and capitalize on Betr Health's identical BETR mark, marketed to an identical consumer base, for identical goods, for Defendants' collective monetary gain.

### THE INDIVIDUAL DEFENDANTS ARE LIABLE FOR INFRINGEMENT AS THE MOVING, CONSCIOUS FORCE OF BR'S TRADEMARK INFRINGEMENT

100.    It is well settled that individual defendants may be liable for the trademark infringement of an infringing enterprise as the moving conscious force behind the infringing activity.

- 18 -    COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

101.    On information and belief, as the COO and Co-Founder of BR, and former CEO of BR, Mr. Bisterzo is a moving, conscious force of BR, including by, among other things: directing and controlling BR's founding; incubating BR through his role as CEO of the incubator Green Park Brands, which is a holding company that "creates, operates, and accelerates" the growth of BR; directing and controlling Jones Knowles Ritchie, a brand design company that worked with Green Park Brands to develop the branding for BR's product; directing and controlling BR's use of the BR Marks; directing and controlling the marketing and advertising of BR's products; directing and controlling the sales of BR's products; directing and controlling the purchase of materials for BR's operations; directing and controlling personnel decisions at BR; and directing and controlling the finances of BR, as seen in Exhibit Y (https://betrremedies.com/pages/about).

102.    On information and belief, as the President and Co-Founder of BR, Ms. Hoffman is a moving, conscious force of BR, including by, among other things: directing and controlling BR's founding; directing and controlling Jones Knowles Ritchie, a brand design company that worked with Green Park Brands to develop the branding for BR's product; directing and controlling BR's use of the BR Marks; directing and controlling the marketing and advertising of BR's products; directing and controlling the sales of BR's products; directing and controlling the purchase of materials for BR's operations; directing and controlling personnel decisions at BR; and directing and controlling the finances of BR, as seen in Exhibit Z (https://betrremedies.com/pages/about).

103.    On information and belief, as the Chief Impact Officer and Co-Founder of BR, Ms. Pompeo is a moving, conscious force of BR, including by, among other things: ratifying BR's founding; ratifying BR's use of the BR Marks; ratifying the marketing and advertising of BR's products; ratifying the sales of BR's products; ratifying the purchase of materials for BR's operations; ratifying personnel decisions at BR; ratifying the finances of BR; and actively promoting

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

BR's products and BR's use of the BR marks through her personal appearances in various advertisements, as seen in Exhibit Z.

## FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS

### (Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114)])

104.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 103, inclusive, and incorporates them as though fully set forth by this reference herein.

105.   Plaintiff owns a valid and protectible registered right in and to the registered marks set forth in the chart of BETR Marks. The registered BETR Marks identify Plaintiff as the source. Plaintiff's registered BETR Marks are inherently distinctive, and, through Plaintiff's longstanding use, have come to be associated solely with Plaintiff as the source prior to the actions of Defendants complained of herein.

106.   Defendants use Plaintiff's registered BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical, competing products.

107.   The individual Defendants were a moving conscious force in the infringing activity described herein.

108.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the word "BETR", "BETR REMEDIES" and/or derivatives thereof constitutes a colorable imitation of Plaintiff's registered BETR Marks, and is likely to cause confusion, or to cause mistake, or to deceive. As such, Defendants' use of the registered BR Marks constitutes an infringement of Plaintiff's registered trademarks.

109.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the word "BETR", "BETR REMEDIES" and/or derivatives thereof constitutes a colorable imitation of

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Plaintiff's BETR Marks, and is likely to cause confusion and/or reverse confusion whereby consumers will mistakenly believe that goods bearing the BR Marks—the junior marks—came from, or were sponsored by, Betr Health.

110. Defendants' infringing actions are intentional and willful, as Defendants first adopted their BR Marks with notice of Plaintiff's BETR Marks, and expanded their uses of the BR marks with actual knowledge of Plaintiff's BETR Marks. Defendants refuse to cease the infringing activity notwithstanding Plaintiff's assertion of its rights.

111. Defendants' acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate.

112. As a direct and proximate result of the foregoing actions by Defendants, Defendants are being unjustly enriched and Plaintiff is being injured and damaged.

113. Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing further irreparable injury for which Plaintiff has no adequate remedy at law.

114. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendants from use of BETR, the BETR Marks, BR Marks, and any confusingly similar marks in commerce in connection with their products and services.

115. Defendants' intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages or trebled profits, attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

### **SECOND CAUSE OF ACTION – AGAINST ALL DEFENDANTS**
### **(False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])**

116. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 115, inclusive, and incorporates them as though fully set forth by this reference herein.

4871-1059-3291

117.   In addition to its federally registered trademarks, Plaintiff is the owner of common law rights for the term BETR and the BETR Marks. The BETR Marks identify Plaintiff as the source of Plaintiff's products and services. Plaintiff's BETR Marks are inherently distinctive, and, through Plaintiff's longstanding use, have come to be associated solely with Plaintiff as the source prior to the actions of Defendants complained of herein.

118.   Defendants use Plaintiff's BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical and competing products.

119.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the confusingly similar words "BETR," "BETR REMEDIES" and/or variations thereof is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

120.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the confusingly similar words "BETR," "BETR REMEDIES" and/or variations thereof is likely to cause confusion or reverse confusion whereby consumers will mistakenly believe that goods bearing the BR Marks—the junior marks—came from, or were sponsored by, Betr Health.

121.   Defendants' use of BETR in advertising, branding and in its trademarks a blatant attempt to capitalize on the goodwill established by Plaintiff.

122.   The individual Defendants were a moving conscious force in the infringing activity described herein.

123.   As a direct and proximate result of the foregoing actions by Defendants, Defendants are being unjustly enriched and Plaintiff is being injured and damaged.

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

124.    Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing further irreparable injury for which Plaintiff has no adequate remedy at law.

125.    Defendants' infringing actions are intentional and willful, as Defendants adopted BETR and the BR Marks with notice of Plaintiff's use of BETR and the BETR Marks, and then expanded their uses of the BR marks with actual knowledge of Plaintiff's BETR Marks, and refuse to cease their infringing activity notwithstanding Plaintiff's assertion of its rights.

126.    Defendants' acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendants from use of the BETR Marks, BR Marks, and any confusingly similar marks in commerce in connection with their products.

127.    Defendants' intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages or trebled profit and its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION  - AGAINST ALL DEFENDANTS
### (California Common Law Trademark Infringement)

128.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 127, inclusive, and incorporates them as though fully set forth by this reference herein.

129.    Plaintiff has valid and protectable common law rights in the BETR Marks in and through the state of California by virtue of longstanding use of the mark in commerce.

130.    Plaintiff is the senior user of the BETR Marks.

131.    Defendants use Plaintiff's BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical and competing products.

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

132.   Defendants' conduct constitutes infringement of Plaintiff's common law rights in the BETR Marks. As alleged in detail above, Defendants' use of BETR and the confusingly similar BR Marks in the state of California constitutes an infringement of Plaintiff's trademark rights.

133.   Defendants' use of the confusingly similar BETR Marks on unauthorized goods and services is likely to cause confusion as to the origin of Defendants' goods and services and is likely to cause others to believe that there is a relationship between Defendants and Plaintiff.

134.   Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Plaintiff's reputation and the substantial goodwill it has built up in the BETR Marks.

135.   The individual Defendants were a moving conscious force in the infringing activity described herein.

136.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged.

137.   Unless an injunction is issued enjoining any continuing or future use of the BETR Marks by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Plaintiff. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction.

138.   Defendants' willful was committed knowingly and willfully, thereby justifying an award of treble or exemplary damages or profits in addition to Plaintiff's actual damages.

**FOURTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS**

**(Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et seq.])**

139.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 138, inclusive, and incorporates them as though fully set forth by this reference herein.

COMPLAINT, CASE NO. 2:22-CV-00651

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/2689

4871-1059-3291

140.   Plaintiff has expended significant time and expense in developing the BETR Marks and the high-quality products and services it markets and sells under those marks. The BETR Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

141.   Through their wrongful conduct, Defendants have misappropriated Plaintiff's efforts and are exploiting the BETR Marks and Plaintiff's reputation to market and sell their services under the BETR Marks. These actions constitute unfair competition.

142.   As alleged in detail above, Defendants' use and advertising of BETR and the confusingly similar BR Marks in the state of California without authorization, constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

143.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged. The individual Defendants were a moving conscious force in the unlawful, unfair or fraudulent business acts or practices alleged herein.

144.   Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' unfair competition in the form of damage to its good will, lost sales, loss of its intellectual property and other actual damages.

145.   The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' business practices.

146.   The unlawful, unfair, and fraudulent business practices of Defendants, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendants' products and services in that the general public is likely to believe that Defendants' products and services originate from, or are affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

147.   As a direct and proximate result of Defendants' wrongful acts as alleged in this Complaint, Defendants obtained unlawful profits to the detriment of Plaintiff.

148.   Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.   Plaintiff is therefore entitled to an injunction prohibiting Defendants' wrongful acts.

149.   Defendants committed the wrongful acts willfully, intending to gain business and a share of the market by riding on Plaintiff's reputation and good will. Defendants' conduct justifies an award of treble or exemplary damages or profits.

150.   Upon proof, Plaintiff is entitled to recover its costs, including attorneys' fees, under California Code of Civil Procedure Section 1021.5.

## FIFTH CAUSE OF ACTION – AGAINTS DEFENDANT BR
### (Cancellation of Registered Trademarks [15 U.S.C. § 1064(1) and (3)])

151.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 150, inclusive, and incorporates them as though fully set forth by this reference herein.

152.   Plaintiff and Defendant BR are involved in the Cancellation Action before the TTAB.   Section 37 of the Lanham Act, 15 U.S.C. § 1119 empowers federal courts to order the cancellation of federally registered trademarks in "any action involving a registered mark . . ." and therefore Plaintiff includes the Cancellation Action in this Complaint for the purposes of judicial economy and efficiency.

**A. Cancellation for Fraud: False Declaration and False Statement of Use**

153.   A registered mark may be cancelled at any time if the registrant committed fraud in its procurement or maintenance. 15 U.S.C. § 1064(3). A registrant thereby commits fraud when it knowingly makes a false, material

COMPLAINT, CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

representation in any sworn declaration submitted to the USPTO with the intent to deceive the USPTO. *See In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

154.    Betr Health is the owner of U.S. trademark applications, registrations, and common law rights in and to the BETR Marks.

155.    Betr Health used its marks in commerce prior to BR and filed, used and registered its federally registered rights before BR.

156.    BR obtained a federal registration as shown in BR's Registration Certificate attached at Exhibit AA.

157.    On information and belief, knowing that Betr Health owned rights to the BETR Marks, BR's predecessor in interest, Country Mile, then knowingly made the false material representation in a sworn declaration to the USPTO as follows:

> "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

158.    This statement is false because Betr Health is in fact a current user with the right to use the mark in commerce in identical or near identical form.

159.    Country Mile made the materially false representation with the intent to deceive the USPTO, as Country Mile knew that Betr Health is the owner of the BETR Marks.

160.    Country Mile knew that the registered BETR mark would be used for the same type of goods as those under the BETR Marks. Country Mile knew there would be a likelihood of confusion between BR's Registration and the BETR Marks (as Country Mile was aware of the similarity of the marks and the similarity of the goods and services under each mark).

161.    In a subsequent sworn declaration to the USPTO, Country Mile also stated as follows:

4871-1059-3291

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

"The mark is in use in commerce on or in connection with the . . . goods/services listed in . . . the application."

"The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 03/11/2021, and first used in commerce at least as early as 03/11/2021, and is now in use in such commerce."

162.    These statements were also false because the Trademark Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark."

163.    On information and belief, as of the claimed March 11, 2021 use date, neither Country Mile nor BR had made bona fide use of the mark in the ordinary course of trade.

164.    The specimen submitted to the USPTO is a box labeled with the name of a Santa Monica distributor that was neither Country Mile nor BR.

165.    Until November 2021, BR products were offered exclusively through betrremedies.com – with no indication of use prior and no use to support Defendants' rights to the BR Registration.

166.    Country Mile knew the USPTO would rely on Country Mile's declarations in its application. The USPTO granted registration based on such false statements and reliance thereon.

167.    The USPTO relied on Country Mile's false statements.

168.    Country Mile's false statements in its initial applications and in its May 6, 2021 Statement of Use are imputed to BR, acquiror of BR's Registration.

169.    Absent these false statements in its application declaration and Statement of Use, BR's Registration would not have been granted.

170.    Betr Health believes that it has been and will continue to be damaged by BR's registered mark and the registration of this mark is likely to cause confusion, mistake or to deceive the consuming public and that Plaintiff's rights will be diminished by the continued registration thereof.

COMPLAINT, CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4871-1059-3291

1    171.    Accordingly, this court may order the cancellation of BR's

2    Registration and order the registration removed from the register.

3    **B. Cancellation: Priority and Likelihood of Confusion**

4    172.    A registered mark may be cancelled if it so resembles a federally

5    registered mark or a mark previously used in the United States by another and not

6    abandoned, as to be likely, when used on or in connection with the goods or

7    services of the defendant, to cause confusion, or to cause mistake, or to deceive. 15

8    U.S.C. § 1052(d); *see Palm Bay Imports Inc. v. Veuve Clicquot Ponsardin Maison*

9    *Fondee En 1772*, 396 F.3d 1369 (Fed. Cir. 2005); *see also Kohler Co. v. Baldwin*

10    *Hardware Corp.*, 82 USPQ2d 1100, 1113 (TTAB 2007) (doubt resolved in favor

11    of prior user).

12    173.    BR's Registration of its mark despite the open and registered rights of

13    Betr Health's BETR Marks is willful; Country Mile and BR adopted Betr Health's

14    marks with notice and knowledge of Betr Health's BETR Marks and Betr Health's

15    rights and interest in and to the BETR Marks.

16    174.    Plaintiff has priority of use of the BETR Marks, dating back to

17    February of 2016.

18    175.    BR's Registration so resembles the BETR Marks that the consuming

19    public is likely to be confused, mistaken, or deceived into believing that BR's

20    goods originate from BETR Health or are in some way related to, associated with,

21    or sponsored by Plaintiff.

22    176.    BR's registration so resembles the BETR Marks that its aggressive

23    marketing and "official site" label are likely to cause the consuming public to be

24    confused, mistaken, or deceived in the reverse—into believing that Betr Health is

25    the junior user.

26    177.    Betr Health believes that it has been and will continue to be damaged

27    by BR's registered mark and the registration of this mark is likely to cause

28

4871-1059-3291

1  confusion, mistake or to deceive the consuming public and that Plaintiff's rights
2  will be diminished by the continued registration thereof.

3      178.   Accordingly, this court may order the cancellation of BR's
4  Registration and order the registration removed from the register.

5      **SIXTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS**

6  (Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

7      179.   Plaintiff re-alleged each and every allegation set forth in Paragraphs 1
8  through 178, inclusive, and incorporates them as though fully set forth by this
9  reference herein.

10     180.   This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. §
11 1125(d) arising from Defendants' bad faith intent to profit from Plaintiff's BETR
12 Marks and registration and use of the infringing www.betrremedies.com domain
13 name (the "Infringing Domain").

14     181.   The Infringing Domain is confusingly similar to Plaintiff's BETR
15 Marks since it incorporates the mark BETR.

16     182.   Plaintiff's BETR Mark was distinctive at the time Defendants
17 registered the Infringing Domain.

18     183.   All Defendants are liable for this claim and because they directed,
19 controlled, ratified, participated in or were the moving conscious force behind the
20 acts associated with the infringement, unauthorized use of trademark in the domain
21 and website, and the actions constituting this Violation of Anticybersquatting
22 Consumer Protection Act.

23     184.   Defendants registered or caused to be registered, trafficked in, and/or
24 used the Infringing Domain Name with a bad faith intent to profit from Plaintiff's
25 BETR Marks.

26     185.   Defendants have used the Infringing Domain Name to promote their
27 own competing goods with the intent to divert consumers from Plaintiff and its
28 website for Defendants' commercial gain.

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

186.   Defendants' use of the Infringing Domain is for products that are confusingly similar to and identical to Plaintiff's goods and for products that are complementary to Plaintiff's services. Defendants are attempting to and intending to create consumer confusion through use of the Infringing Domain Name.

187.   Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA").

188.   As a result of Defendants' willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

189.   Defendants' registration trafficking in, and/or use of the Infringing Domain Name has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment against Defendants as follows:

1.   For an award of actual damages according to proof, but in no event less than $5,000,000;

2.   For disgorgement of Defendants' profits;

3.   For reasonable attorney's fees and costs of suit;

4.   For pre-judgment interest on all amounts claimed as permitted by law;

5.   For an order of permanent injunction, enjoining Defendant from using BETR and the BETR Marks, or any confusingly similar trademarks, tradenames, or domain names that include the terms BETR, BETR REMEDIES, or any confusingly similar mark or variation in connection with the sale of over-the-counter medications, pharmaceuticals or nutritional supplements of any kind, personal health devices, coaching, nutrition and meal planning, meal-delivery services, lifestyle modification programs, telemedicine, medical services, or mental health services.

6.   For an order impounding for destruction all products, brochures, marketing materials, point of sale displays and other articles bearing the BR Marks;

- 31 -    COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

7.      For a judgment that Defendants' infringement, unfair competition and violation of the Anticybersquatting Consumer Protection Act has been willful;

8.      For an order requiring Defendants to transfer the www.betrremedies.com domain;

9.      At Plaintiff's election before final judgment, an award to Plaintiff of statutory damages pursuant to 15 U.S.C. § 1117(d) in the amount of $100,000 per Infringing Domain Name for violation of 15 U.S.C. § 1125(d)(1(A);

10.     For an order requiring Defendants to cease purchasing any adwords or engaging in any advertising campaigns involving search engine optimization strategies that utilize the term BETR;

11.     For an order requiring Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Betr Health's intellectual property;

12.     For trebling of damages or profits pursuant to 15 U.S.C § 1117(a);

13.     For punitive damages;

14.     For an order cancelling BR's Registration; and

15.     For such other, further, and different relief as the Court may deem proper under the circumstances.

Dated:  January 28, 2022                     SNELL & WILMER L.L.P.


                                             By: /s/ *Deborah A. Gubernick*
                                                 Deborah A. Gubernick
                                                 Snell & Wilmer, LLP
                                                 600 Anton Blvd, Suite 1400
                                                 Costa Mesa, CA 92626
                                                 dgubernicks@swlaw.com
                                                 714-427-7000
                                                 Attorneys for Plaintiff

COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291

1

# **<u>DEMAND FOR JURY TRIAL</u>**

2    Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

3

4    Dated:  January 28, 2022                    SNELL & WILMER L.L.P.

5

6                                               By: /s/ *Deborah A. Gubernick*
                                                    Deborah A. Gubernick, Esq.
7                                                   Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 33 -                    COMPLAINT, CASE NO. 2:22-CV-00651

4871-1059-3291