1   Deborah A. Gubernick (#242483)
    dgubernick@swlaw.com
2   Christopher D. Bright (#206273)
    cbright@swlaw.com
3   Michelle Emeterio (#340328)
    memeterio@swlaw.com
4   SNELL & WILMER L.L.P.
    600 Anton Blvd., Suite 1400
5   Costa Mesa, California 92626-7689
    Telephone: 714.427.7000
6   Facsimile: 714.427.7799
    *Attorneys for Plaintiff*

7

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9                        WESTERN DIVISION

10  PURE PROACTIVE HEALTH, INC.,          Case No. 2:22-cv-00651
    a Delaware corporation,
11                                        **AMENDED COMPLAINT**
                   Plaintiff,             **1. FEDERAL REGISTERED**
12                                           **TRADEMARK**
         vs.                                 **INFRINGEMENT (15 U.S.C. §**
13                                           **1114)**
    BETR REMEDIES, LLC, a Delaware        **2. FEDERAL FALSE**
14  limited liability company, COUNTRY       **DESIGNATION OF ORIGIN (15**
    MILE, LLC, a Delaware limited            **U.S.C. § 1125(a))**
15  liability company, GREEN PARK        **3. CALIFORNIA COMMON LAW**
    BRANDS, LP, a Delaware limited           **TRADEMARK**
16  partnership, GREEN PARK BRANDS          **INFRINGEMENT (Cal. Bus. &**
    GP, LLC, a Delaware limited liability    **Prof. Code § 14200 *et seq.*)**
17  company, GREEN PARK                  **4. UNFAIR COMPETITION AND**
    HOLDINGS, LLC, a Delaware limited        **UNFAIR BUSINESS**
18  liability company, LIVIO BISTERZO,       **PRACTICES (Cal. Bus. & Prof.**
    JENNIFER SIMONE HOFFMAN,                 **Code § 17200 *et seq.*)**
19  ELLEN POMPEO, and DOES 1-10         **5. CANCELATION OF**
                                             **REGISTERED TRADEMARKS**
20                 Defendants.               **(15 U.S.C. § 1064(1) and (3))**
                                         **6. CYBERSQUATTING UNDER**
21                                           **15 U.S.C. § 1125(d)**

22

23                                       **AND DEMAND FOR JURY TRIAL**

24

25

26

27

28
                                         AMENDED COMPLAINT
                                         CASE NO. 2:22-CV-00651

*SNELL & WILMER*
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  Plaintiff Pure Proactive Health, Inc., by and through its attorneys, files this

2  Complaint ("Complaint") against Defendants Betr Remedies, LLC, Country Mile,

3  LLC, Green Park Brands, LP, Green Park Brands GP, LLC, Green Park Holdings,

4  LLC, Livio Bisterzo, Jennifer Simone Hoffman, Ellen Pompeo, and DOES 1-10,

5  individually and collectively, alleging as follows:

6  **PARTIES**

7  1.  Plaintiff Pure Proactive Health, Inc., a Delaware corporation, is

8  engaged in the business of developing and selling various health and nutritional

9  supplements and providing wholistic wellness and chronic disease management

10  programs, doing business as "Betr Health" also known as "Betr" (hereinafter

11  "Plaintiff" or "Betr Health"), having its principal place of business at 1 Glenwood

12  Avenue #5, Raleigh, NC 27603.

13  2.  Defendant Betr Remedies, LLC ("BR"), a Delaware limited liability

14  company, is also engaged in the manufacture, distribution and sale of various

15  health and nutritional supplements and medications. BR is formerly known as Live

16  Betr, LLC. The California Secretary of State records indicate BR's principal place

17  of business as 1601 Colorado Avenue, Santa Monica, CA 90404, but attempts at

18  service of process at that address revealed this to be incorrect. BR was thus served

19  via its Delaware agent for service of process at 1209 Orange St., Wilmington, DE

20  19801.

21  3.  Defendant Country Mile, LLC ("Country Mile") is a Delaware limited

22  liability company having a principal place of business at 348 Sterling Road,

23  Kenilworth, IL 60043. Country Mile is a member of Defendant BR.

24  4.  Defendant Green Park Brands, LP ("GP Brands") is a Delaware limited

25  partnership, having a principal place of business at 1601 Colorado Avenue, Santa

26  Monica, CA 90404, and is the holding company for BR.

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 2 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

5.   Defendant Green Park Brands GP, LLC ("GPB") is a Delaware limited liability company, having a principal place of business at 1601 Colorado Avenue, Santa Monica, CA 90404, and is the general partner of GP Brands.

6.   Defendant Green Park Holdings, LLC ("GPH") is a Delaware limited liability company, having a principal place of business at 2804 Gateway Oaks Drive, Suite 100, Sacramento CA 95833, and is a subsidiary or affiliate of GP Brands.

7.   On information and belief, Defendant Livio Bisterzo ("Mr. Bisterzo") is an individual domiciled in Santa Monica, California, and is the COO and Co-Founder of BR. On information and belief, Mr. Bisterzo was formerly also the CEO of BR, has been one of the primary active participants in the allegations herein and is a guiding spirit of, central figure in, and moving, active conscious force of the Defendant BR (hereinafter, for efficiency, "moving, active conscious force").

8.   On information and belief, Defendant Jennifer Simone Hoffman ("Ms. Hoffman") is an individual domiciled in New York, and is the President and Co-Founder of BR. On information and belief, Ms. Hoffman has been one of the primary active participants in the allegations herein and is a moving, active conscious force of the Defendant BR as further described herein.

9.   On information and belief, Defendant Ellen Pompeo ("Ms. Pompeo") is an individual domiciled in Los Angeles, California, is a Co-Founder of BR, and is the Chief Impact Officer of BR. Ms. Pompeo is well known for her role as a doctor in the hit television series, Grey's Anatomy. On information and belief, Ms. Pompeo has been one of the primary active participants in the allegations herein and is a moving, active conscious force of the Defendant BR as further described herein.

10.   Does 1-10 are persons or entities responsible, in whole or in part, for the wrongdoing alleged herein ("Doe Defendants"). Plaintiff is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, assisted, endorsed, or was otherwise involved in the acts complained hereof, and that

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

they have liability for such acts. Plaintiff will amend this Complaint if and when the identities of such persons or entities, and the details of their involvement becomes known.

11. Defendants BR, Country Mile, GP Brands, GPB, GPH, Mr. Bisterzo, Ms. Hoffman, and Ms. Pompeo are collectively referred to as the "Defendants." Individual defendants may be referred to herein as "Defendant."

## JURISDICTION AND VENUE

12. This court has subject matter jurisdiction under 15 U.S.C. § 1121(a), 15 U.S.C. § 1125(d), 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), in that this action arises under Acts of Congress relating to federal trademarks and federal false designation of origin, cybersquatting under the federal trademark and anti-cybersquatting laws, and the claims for California common law trademark infringement and unfair competition under California state law are joined with substantial and related claims brought under the federal trademark laws, and the federal and state law claims arise from a common nucleus of operative facts. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy. Subject matter jurisdiction is also proper as to Country Mile, GP Brands, GPB, GPH, Mr. Bisterzo, Ms. Hoffman and Ms. Pompeo in that the court would have supplemental jurisdiction as they are necessary parties to the action and the claims are so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendant BR, Defendant GP Brands, and Defendant GPB because each of them has a principal place of business in this District. This Court also has personal jurisdiction over Mr. Bisterzo and Ms. Pompeo because they are domiciled in this District.

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 4 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

14.    This Court also has personal jurisdiction over all Defendants because Defendants have conducted systematic and continuous business within California, including this District, and because they have directed their unlawful business activities towards California, including this District, and have caused injury to the Plaintiff within California, including this District. Defendants are also subject to personal jurisdiction in this Court because, inter alia, and upon information and belief, Defendants directly and through agents regularly solicit and transact business in this District and elsewhere in the state of California. In particular, Defendants have committed and continue to commit the unlawful acts set forth in this Complaint in the State of California, including in this District. Defendants' acts have caused injury to Plaintiff in the State of California, including in this District.

15.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district and that Defendants are subject to the court's subject matter and/or personal jurisdiction with respect to this action as indicated in the preceding paragraphs.

## FACTUAL BACKGROUND REGARDING PLAINTIFF

16.    Betr Health was founded by Dr. William Ferro, a doctor of chiropractic who, in addition to his chiropractic work, specializes in the business of nutrition, holistic remedies, personal coaching and stress management solutions.

17.    Betr Health was originally launched as Pure Proactive Health in 2011, and rebranded to Betr Health in 2015. Betr Health filed its first application for a BETR mark in 2015, creating a 2015 constructive first use date for BETR computer software for providing health and wellness coaching, and began rolling out sales of nutritional supplements under the BETR mark in 2016. Plaintiff continued to apply for federal trademark protection for the mark BETR and variations in the months and years that followed.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 5 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

18.     Since at least as early as February 5, 2016, Plaintiff has used the trademark BETR in U.S. commerce in connection with its proprietary daily health and wellness supplements, some of which are medical grade health supplements, and these products have been marketed continuously in commerce throughout the United States.

19.     Plaintiff has also offered chronic disease management and wellness coaching software and programs concurrently with its health supplements since at least 2016.

20.     Betr Health has become a leading provider of wellness goods and services including its health supplements such as probiotics, electrolytes, immune support, adrenal support, and digestive support, as well as personalized treatment programs including digital coaching, nutrition and meal planning, meal-delivery services, and lifestyle modification programs.

21.     Betr Health promotes a cultural change using cutting edge science to overcome ailments of our day, including pain, anxiety, stress, digestive health, obesity, hydration issues, sleep problems and more.

22.     Betr Health is headquartered in Raleigh, North Carolina, has a robust online presence via the world wide web, sells products nationwide, and utilizes coaching staff located throughout the United States.

23.     Betr Health also partners with insurance plans, global health plans, employers, gyms and individual users to provide its products and offer corresponding services to promote health solutions that, among other benefits, are designed to reduce the costs of medical care.

24.     Thousands of customers from across the United States have successfully utilized Betr Health supplements and participated in Betr Health's programs.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

25.    Betr Health's diabetes prevention and lifestyle change program is approved by the Centers for Disease Control (CDC) and has been since 2017.

26.    Thousands of active members have joined Betr Health's Community Facebook group devoted to sharing wellness journeys, recipes, tips, and motivation.

27.    Betr Health has invested significant time, effort, and expense in developing, advertising, marketing, and promoting its BETR trademark and the goods and services thereunder.

28.    Betr Health owns the www.betrhealth.com website, featuring its products and services as exemplified in Exhibit A.

29.    Indeed, Betr Health's supplements are offered through its online store at (https://store.betrhealth.com/collections/internal-health) as shown in Exhibit B.

30.    Plaintiff, through its affiliated holding company, Proactive Fitness Solutions, also owns the domain name www.weighbetr.com, created January 28, 2016 as shown in Exhibit C. This domain redirects to www.betrhealth.com. Plaintiff and or its affiliated holding company also owns approximately sixty (60) other domain names that include the term "BETR" as shown in Exhibit D, including livbetr.com.

31.    Among its product offerings are Plaintiff's Daily Essentials Pack (Microbiome and Immune Health), Adrenal, Lyte-Up, Probiotic, Enzymes and Immune products, as seen in Exhibit E.

32.    Betr Health's products are sold under the BETR trademark and Betr Health has been featured in multiple nationwide publications and press such as: Blue Shield of California's News Center; Virgin Pulse's Welltok; Authority Magazine; FoodShuttle.org; Healthcare Finance; SHEFinds; Eat This Not That; Thrive Global; and Forbes.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

33.    Attached as Exhibits F through N are true and correct copies of the publications and press referred to in the previous paragraph.

34.    Betr Health has also participated in community events and fundraisers to promote goodwill associated with its brand, including but not limited to the Inter Faith Food Shuttle and others.

35.    As a proprietor of daily health and wellness supplements, some of which are medical grade health supplements and other wellness products, Betr Health committed years of effort and expense to develop the reputation for quality and goodwill associated with its business.

36.    Betr Health's continuous and exclusive use of BETR and the intellectual property associated therewith resulted in generating goodwill and consumer recognition in connection with BETR throughout the United States such that the BETR trademark is distinctive in the minds of the relevant purchasing public.

37.    Plaintiff has also negotiated with retailers concerning launch of product.

38.    Indeed, since 2016, Plaintiff has expanded its services and product offerings under the BETR trademark with no sign of slowing.

## **PLAINTIFF'S TRADEMARKS**

39.    Betr Health is the owner of a federal trademark registration for BETR under United States Trademark, Registration No. 5,108,062 covering "Medical and wellness services, namely, providing weight loss program services," in Class 44, registered on December 27, 2016 (the "'062 Registration").

40.    A true and correct copy of the Certificate of Registration for the '062 Registration is attached as Exhibit O.

41.    Betr Health's '062 Registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of [Betr

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

42.     Betr Health's '062 Registration was filed before and registered before any use of BETR by Defendants.

43.     Betr Health is the owner of a federal trademark registration for BETR under United States Trademark Registration No. 5,233,391 covering "Computer software for providing health and wellness coaching," in Class 9, registered on June 27, 2017 (the "'391 Registration").

44.     A true and correct copy of the Certificate of Registration for the '391 Registration is attached as Exhibit P.

45.     Betr Health's '391 Registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of [Betr Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

46.     The '391 Registration was filed before and registered before any use of BETR by Defendants.

47.     Betr Health is the owner of a federal trademark registration for BETR THERAPEUTICS under United States Trademark Registration No. 5,971,673 covering "Downloadable computer software for providing health and wellness coaching," in Class 9, registered on January 28, 2020 (the "'673 Registration").

48.     A true and copy of the Certificate of Registration for the '673 Registration attached as Exhibit Q.

49.     Betr Health's '673 Registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of [Betr Health's] ownership of the mark, and of the [Betr Health's] exclusive right to use

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

the registered mark in commerce on or in connection with the goods or services specified in the certificate . . ." pursuant to 15 U.S.C. § 1057.

50.     Betr Health's '673 Registration was filed before and registered before any use of BETR by Defendants.

51.     Betr Health also owns pending trademark applications.  A complete list of Betr Health's federally registered and pending trademarks is below.

| Mark | Status Application No. / Registration Number | Filing Date / Registration Date |
|---|---|---|
| BETR | Registered 86861740 / 5233391 | 12/30/2015 / 06/27/2017 |
| BETR | Registered 86899352 / 5108062 | 02/05/2016 / 12/27/2016 |
| BETR THERAPEUTICS | Registered 88483952 / 5971673 | 06/21/2019 / 01/28/2020 |
| BETR | Pending 97089442 | 10/23/2021 / -- |
| BETR | Pending 97089448 | 10/23/2021 / -- |
| BETR | Pending 97087805 | 10/22/2021 / -- |
| BETR | Pending 97087793 | 10/22/2021 / -- |

52.     Betr Health owns longstanding common law rights in and to BETR by virtue of continuous use of the mark in U.S. commerce for nutritional and dietary supplements and wellness programs since at least as early as 2016.

53.     Betr Health also owns common law rights to its stylized version of BETR by virtue of continuous use of the stylized marks with nutritional and dietary supplements, meal preparation and delivery, fitness and yoga training,

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 10 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

personal weighing scales, and personal devices for tracking daily wellness activities as well as related health and wellness programs. Stylized versions of the BETR mark and BETR HEALTH marks are shown below with BETR being the dominant portion of Plaintiff's marks:



54.     In addition to its U.S. pending, registered, and common law trademarks, Betr Health has obtained international protection of its BETR mark, including in Australia, Canada, China, the EU, Singapore, and the UK. A chart showing these registration details is below:

| MARK | COUNTRY | APP. NO. | APP. DATE | REG. NO. | REG. DATE |
|------|---------|----------|-----------|----------|-----------|
| BETR | WIPO Application | 1478994 | June 20, 2019 | 1478994 | June 20, 2019 |
| BETR | Australia (WIPO Designation) | 1478994 | June 20, 2019 | 2025434 | March 27, 2020 |
| BETR | Canada (WIPO Designation) | 1977323 (IR No. 1478994) | June 20, 2019 | TMA1095293 | March 10, 2021 |
| BETR | China (WIPO Designation) | 1478994 | June 20, 2019 | 1478994 | September 30, 2019 |
| BETR | European Union (WIPO Designation) | 1478994 | June 20, 2019 | 1478994 | January 7, 2020 |
| BETR | Singapore (WIPO Designation) | 1478994 | June 20, 2019 | 40201916325Q | January 3, 2020 |

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

| MARK | COUNTRY | APP. NO. | APP. DATE | REG. NO. | REG. DATE |
|------|---------|----------|-----------|----------|-----------|
| BETR | United Kingdom (WIPO Designation) | 1478994 | June 20, 2019 | 1478994 | October 15, 2019 |
| BETR | United Kingdom (WIPO Clone) | UK 00801478994 | June 20, 2019 | UK 00801478994 | June 20, 2019 |

55.   Betr Health's U.S. pending, registered and common law trademarks are collectively referred to herein as the "BETR Marks," "BETR Mark," "BETR marks," or "BETR mark."

56.   As a result of Betr Health's extensive use of its BETR Marks, the BETR Marks have become uniquely associated with Plaintiff.

57.   The BETR Marks are inherently distinctive, and Plaintiff's use of its BETR Marks pre-dates Defendants' confusingly similar use of BETR or BETR REMEDIES on or in connection with Defendants' nutritional and dietary supplements, over-the-counter medications, and related health and wellness programs.

58.   Plaintiff's first BETR registration, for which an application was filed in 2015, provided Plaintiff with a constructive use date as of 2015 for BETR for its computer software for providing health and wellness coaching. Plaintiff's use of BETR for nutritional supplements began in 2016 under the BETR Mark, offered in conjunction with health and wellness coaching.

59.   Plaintiff's nutritional supplements are and have been in the natural zone of expansion from its health and wellness services and coaching and are in the natural zone of expansion for which Plaintiff has registered rights.

**DEFENDANTS ADOPT BETR AND INFRINGE PLAINTIFF'S RIGHTS**

60.   Despite Plaintiff's widespread use of its marks, and despite Defendants' actual or at least constructive notice of Plaintiff's registered and

- 12 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

common law rights, Defendants adopted and began using the identical trademark BETR and nearly identical trademark and branding BETR REMEDIES.

61.    In fact, Defendant BR was originally formed as Live Betr, LLC in 2019 well after Betr Health's first use and despite that Betr Health's affiliated entities already owned a livbetr.com domain name.

62.    On or about February 4, 2021, approximately five years after Plaintiff's first use, Defendant BR changed its entity name from Live Betr, LLC to Betr Remedies, LLC.

63.    Defendants began offering identical and nearly identical goods to those offered by Plaintiff in March of 2021—years after Plaintiff had established rights and goodwill in and to the BETR Marks.

64.    Defendants advertise their products through www.betrremedies.com as shown in Exhibit R attached. This website domain was created January 1, 2021—years after Plaintiff launched its BETR Mark. Defendants' website and website domain utilizes and incorporates Plaintiff's BETR Marks in that the word BETR is within the domain name itself, and appears within the website on product.

65.    Defendants products are designed to relieve pain, allergies, cold and flu symptoms, sleep issues, dehydration, and digestive disfunction, or to boost immunity—the identical or highly similar relief as Plaintiff's products.

66.    Defendants target the same type of consumers to which Plaintiff offers and markets its nutritional and dietary supplements under Plaintiff's BETR Marks: those seeking means to alleviate pain, dehydration, and chronic illness, and to improve immunity, gut health, sleep, and stress.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

## DEFENDANTS INFRINGEMENT ESCALATES AS DEFENDANTS ADOPT PLAINTIFF'S COLOR SCHEME

67.     Defendants' earlier version of its infringing mark included the identical term BETR, a nearly identical mark, BETR REMEDIES, and a highly similar yet stylized mark in bright red with black as shown below:

| Plaintiff's Trademark Use | Defendants' Original Trademark Use |
|---|---|
| BETR | BETR |
| BETR HEALTH | BETR REMEDIES |
|  |  |

68.     Defendants inch closer and closer to Plaintiff, even adopting mint green/light green color schemes, with the BETR as the primary focus and dominant portion of the mark – just like Plaintiff, as shown below:

| Plaintiff's Trademark | Defendants' More Recent Trademark |
|---|---|
| BETR | BETR |
| BETR HEALTH | BETR REMEDIES |
|  |  |

69.     The adoption of identical colors with an identical mark by Defendants has caused and is likely to continue to cause consumer confusion. For example, Plaintiff has already received several reports of confusion, including confusion by a brand ambassador of Walmart, who is Defendants' distributor, confusion by a manager of Walmart, and others (Dkt. 30-24 at ¶¶ 56, 85; Dkt. 49-3).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

70.    Defendants' use of marks identical to and nearly identical to Plaintiff's BETR Marks, with mint green/green pastel color as shown in Exhibit S (https://betrremedies.com/collections/allergy) is highly similar to Plaintiff's color scheme used not only for its house mark shown in the charts above, but also for its Plaintiff's Daily Essentials Pack (Microbiome and Immune Health), Adrenal, Lyte-Up, Probiotic, Enzymes and Immune products, as seen in Exhibit T (https://store.betrhealth.com/collections/internal-health).

## DEFENDANTS INFRINGEMENT ESCALATES AS THEY USE THE SAME MARK ON THE SAME PRODUCT OFFERINGS

71.    Defendants' proximity to Plaintiff's goods and services has no sign of decreasing, and if not stopped, will completely eclipse the entire product line Plaintiff has worked years to develop.

72.    For example, Plaintiff has offered "immune support" products since its inception in 2016.  Defendants now also offer "immunity support" under the BETR mark as shown in Exhibit U and in the following chart:



4889-2887-9136.1

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

73.    Defendants also recently began offering hydration products – identical in nature to those offered by Plaintiff, identically branded as shown in the attached Exhibit U.

74.    On March 11, 2021, years after Plaintiff's first use of BETR, Defendants began using BETR for various wellness products.

## PLAINTIFF SENDS CEASE AND DESIST LETTER AND DEFENDANTS ESCALATE INSTEAD OF STOP THE INFRINGMENT

75.    On April 12, 2021, shortly after learning of Defendants' unauthorized use of BETR for pain relief, allergy, and sleeping pills under Plaintiff's BETR Marks, Plaintiff sent a cease and desist letter to Defendants. Attached as Exhibit V is a true and correct copy of the cease and desist letter.

76.    Ms. Hoffman told Plaintiff that BR has an "aggressive Board, and that they were moving forward" (Dkt. 30-24 at ¶ 76). Ms. Hoffman admitted that she "never told Dr. Ferro that Betr Remedies would change its name" (Dkt. 40-26 at ¶ 20).

77.    To date, Defendants have not ceased infringing use of the BETR Marks and have instead expanded their product offerings to include identical products that are offered by Plaintiff.

78.    In fact, after Plaintiff Betr Health sent its cease and desist letter, Defendants willfully expanded Defendants' line of products to include digestive health aids, cold and flu medications, electrolyte powder, and immune support supplements, with further expansion planned in the probiotics, smoking cessation, telemedicine, mental health, and other spaces, all of which directly overlap with Plaintiff's products and registered rights.

79.    On August 18, 2021, months after the cease-and-desist letter from Plaintiff, in an unsuccessful effort to pre-date Plaintiff's rights, Defendant BR acquired the mark BETR, U.S. Trademark Application Numbers 87/983,921 and

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/7689

- 16 -

87/916,265 from Defendant Country Mile (the "Country Mile Original Applications")—both of which post-date Plaintiff's earliest trademark use date of 2016.

80.     On information and belief, Defendant BR sought to acquire this mark with the intent to obtain an earlier constructive use date than BR's own use date which was not until 2021 (Dkt. 40-26 at ¶ 7). Attached as Exhibit W is a true and correct copy of the trademark assignment agreement between Defendant BR and Defendant Country Mile (USPTO Assignment Reel and Frame Number 7419/0059).

81.     Notwithstanding this invalid assignment, Plaintiff has superior and earlier trademark rights to BETR, having nationwide constructive use as of 2015 for at least computer software for providing health and wellness coaching, and, since 2016, having nationwide common law rights for nutritional supplements.

**PLAINTIFF PETITIONS TO CANCEL DEFENDANTS' REGISTRATION**

82.     After acquiring the Country Mile Original Applications[1], these applications became registered under United States Registration Nos. 6,456,090 and 6,646,624 (the "BR Registrations").

83.     On August 19, 2021, Plaintiff initiated a Petition to Cancel Defendant BR's Registration No. 6,456,090 before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") under Proceeding Number 92077880. On March 8, 2022, Plaintiff initiated a Petition to Cancel Defendant BR's Registration No. 6,646,624, which had recently registered, under Proceeding Number 92079245. Also on March 8, 2022, Plaintiff filed Notices of Opposition against Defendant BR's Application Nos. 90/394,086 and 90/393,301, which had recently been published, under Proceeding Numbers 91274933 and

---

[1] Country Mile's U.S. Application No. 87916,265, was later divided—creating a new Application No. 87/983,921. Each application has separately matured to registration.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

91274924. Each of these TTAB actions was filed on the basis of priority and likelihood of confusion under Trademark Act Sections 14(1) and 2(d).

84.    The parties stipulated to consolidate these actions and suspend them pending the final determination of the instant proceeding before this Court, as the cancellation actions (the "Consolidated Cancellation Actions") are now encompassed within this suit for the purposes of judicial economy and efficiency and consistent with 15 U.S.C. § 1119, and as the oppositions involve common questions of law and fact.

85.    Furthermore, Plaintiff has discovered additional grounds for cancellation of the BR Registrations, particularly that the registrations were procured through fraudulent statements made during the prosecution history leading to the BR Registrations, that Country Mile lacked a bone fide intent to use the mark at the time of filing, that Country Mile forfeited its rights in the mark through naked licensing prior to assignment to BR, and that the assignment to BR was in contravention of Section 10 of the Lanham Act where it included assignment of an intent-to-use application.

86.    In fact, prior to transferring ownership of the trademark applications that eventually matured into the BR Registrations, Defendant Country Mile submitted a Statement of Use to the USPTO claiming use since March 11, 2021.

87.    On information and belief, Defendant Country Mile had not yet used or exercised control over any third party use of the mark BETR in connection with any goods or services, rendering the assignment to Defendant BR invalid.

88.    On information and belief, Defendant Country Mile's Statement of Use relied exclusively on use of the mark by BR pursuant to a naked license agreement dated March 15, 2019, when in fact use had not yet commenced by either Country Mile or BR, and when Country Mile exercised no legitimate control over any such use.

- 18 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

89.     And, despite submitting the Statement of Use, neither Country Mile nor BR had made bona fide use of the mark despite declaring the mark was in fact in use as of March 11, 2021.

90.     The statements made in the Statement of Use and related Declaration were false.

91.     The United States Patent and Trademark Office ("USPTO") relied on the false statements to its detriment, and to the benefit of Defendants, allowing the application to mature into the BR Registrations.

92.     But for the fraudulent statement and misrepresentation, the USPTO would not have granted the BR Registrations.

93.     Furthermore, despite knowledge of Plaintiff's rights and marks, Defendant BR filed multiple other trademark applications, all of which post-date Plaintiff's use and all of which are listed in the following chart (collectively, "BR's Marks"):

| Defendant BR's Mark | Status<br>Application No. /<br>Registration Number | Filing Date /<br>Registration Date |
| --- | --- | --- |
| Ɓetr | Pending<br>90394088 /<br>-- | December 18, 2020 /<br>-- |
| Ɓetr | Pending<br>90394086/<br>-- | December 18, 2020 /<br>-- |
| BETR | Pending<br>90393301/<br>-- | December 18, 2020 /<br>-- |
| BETR | Pending<br>90393290/<br>-- | December 18, 2020 /<br>-- |
| BETR | Registered<br>87983921 /<br>6456090 | May 10, 2018 /<br>August 17, 2021 |
| BETR | Registered<br>87916265/<br>6646624 | May 10, 2018 /<br>February 15, 2022 |

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

94.    In its applications for the BR Marks, Defendants represented to the USPTO that no other entity or individual had rights to such mark when in fact BR had knowledge of Plaintiff's rights.

95.    The USPTO has relied on Defendants' misrepresentations to approve the BR Marks and but for those misrepresentations, would not have done so.

## DEFENDANTS INFRINGE PLAINTIFF'S BETR MARKS IN MARKETING

96.    Defendants' infringing activities do not stop there. They have increased their marketing through retailers as seen in the following photo of a Walmart endcap (Dkt. 40-26 at ¶ 9; Exhibit FF):



97.    In doing so, Defendants have used and infringed the BETR Marks without authorization, without Plaintiff's consent despite no affiliation with Plaintiff.

98.    Making matters worse, Defendants are now using a "doctor" in advertising; Plaintiff was in fact founded by a doctor.

99.    Specifically, Plaintiff's founder, Dr. Ferro, has spent his career not only treating patients, but listening to their needs, learning, researching and developing products, services and treatments to improve health and wellness.  His involvement in the brand is critical to its success.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

100.   Defendants recently announced a co-founder, Ellen Pompeo, better known as Dr. Meredith Grey, from the hit show Grey's Anatomy, in another move that could cause consumer confusion and is an imitation of Plaintiff's marketing.

101.   Defendants' continued use of the BETR Marks and branding efforts will confuse consumers. Defendants' continued efforts to trade off Plaintiff's goodwill will continue to cause Plaintiff harm.

102.   Moreover, on information and belief, Defendants GP Brands, GPB and GPH (collectively, "Green Park Brands") are under common control and share revenue with each other, including from the infringement of Plaintiff's BETR marks, and therefore are jointly and severally liable for each other's actions, including but not limited to the actions of GP Brands. GP Brands is a limited partnership comprised of GPB as its general partner, as seen in Exhibit CC, a true and correct copy of GP Brands' trademark application for GREENPARK, in which it named GPB as its general partner. As the general partner, GPB controls GP Brands and assumes liability in connection with GP Brands. GP Brands, in turn, controls GPH. Specifically, GP Brands' GREENPARK mark (now federally registered under Registration No. 6449431) covers various "holding company services" including "providing business management and business administration services *for subsidiaries and affiliates*" and "provision of investment capital and financial advising in the field of financial reporting, capital raising, and cash flow management *to subsidiaries and affiliated companies*," claiming to have provided these services since 2018. The "management" and "administration" services indicate control, specifically, control over GP Brands' affiliates and subsidiaries, such as GPH. Attached as Exhibit DD is a true and correct copy of the GREENPARK certificate of registration as well as USPTO records showing that Green Park Brands was represented before the USPTO by the same attorney of record as Defendant BR, namely, John Paul Oleksiuk of Cooley LLP. Likewise,

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

GPH and GP Brands share the same owner and CEO, namely, Defendant Bisterzo, as shown in the attached Exhibit EE consisting of true and correct copies of Statements of Information filed with the California Secretary of State by GPH and a "Meet the Founders" page from BR's website, indicating unity of control by Defendant Bisterzo. Additionally, Defendant Pompeo's "Tell Me" podcast, available at https://podcasts.apple.com/us/podcast/betr-remedies/id1586148064?i=1000549032101, states that Defendant Bisterzo "owns Green Park."

103.    Green Park Brands actively promotes Defendant BR, including through its website (https://www.greenparkbrands.com/brands/betr), as seen in Exhibit X. Green Park Brands funds the operations of Defendant BR, and "creates, operates, and accelerates" Defendant BR (https://www.greenparkbrands.com/), as seen in Exhibit Y.

104.    Green Park Brands' promotion, funding, and backing of Defendant BR enables Defendants to escalate its infringing activities and capitalize on Betr Health's identical BETR mark, marketed to an identical consumer base, for identical goods, for Defendants' collective monetary gain.

## THE INDIVIDUAL DEFENDANTS ARE LIABLE FOR INFRINGEMENT AS THE MOVING, ACTIVE CONSCIOUS FORCE OF BR'S TRADEMARK INFRINGEMENT

105.    It is well settled that individual defendants may be liable for the trademark infringement of an infringing enterprise as the moving conscious force behind the infringing activity.

106.    On information and belief, as the COO and Co-Founder of BR, and former CEO of BR, Mr. Bisterzo is a moving, active conscious force of BR, including by, among other things: directing and controlling BR's founding; incubating BR through his role as CEO of the incubator GP Brands, which is a

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

holding company that "creates, operates, and accelerates" the growth of BR; directing and controlling Jones Knowles Ritchie, a brand design company that worked with Green Park Brands to develop the branding for BR's product; directing and controlling BR's use of the BR Marks; directing and controlling the marketing and advertising of BR's products; directing and controlling the sales of BR's products; directing and controlling the purchase of materials for BR's operations; directing and controlling personnel decisions at BR; and directing and controlling the finances of BR, as seen in Exhibit Z (https://betrremedies.com/pages/about and https://betrremedies.com/blogs/home/meet-our-founders). Moreover, in Defendant Pompeo's "Tell Me" podcast, available at https://podcasts.apple.com/us/podcast/betr-remedies/id1586148064?i=1000549032101, she identifies Mr. Bisterzo and Defendant Hoffman as her "partners" and co-founders of BR. Thus, Mr. Bisterzo directs, controls, ratifies, participates in, or is the moving force behind the infringing activities described herein.

107.    On information and belief, as the President and Co-Founder of BR, Ms. Hoffman is a moving, active conscious force of BR, including by, among other things: directing and controlling BR's founding; directing and controlling Jones Knowles Ritchie, a brand design company that worked with Green Park Brands to develop the branding for BR's product; directing and controlling BR's use of the BR Marks; directing and controlling the marketing and advertising of BR's products; directing and controlling the sales of BR's products; directing and controlling the purchase of materials for BR's operations; directing and controlling personnel decisions at BR; and directing and controlling the finances of BR, as seen in Exhibit Z. Ms. Hoffman admits in this case that she "joined Betr Remedies in or around September 2020 as its president to help the company launch the

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

brand. As the president, [she] manage[s] the operation of Betr Remedies' business" (Dkt. 40-26 at ¶ 2). She also actively pursued Dr. Ferro for a business-to-business meeting between Plaintiff and BR after receiving Plaintiff's April 2021 cease and desist letter (Dkt. 30-24 at ¶ 76). Moreover, in Defendant Pompeo's "Tell Me" podcast, available at https://podcasts.apple.com/us/podcast/betr-remedies/id1586148064?i=1000549032101, Ms. Pompeo identifies Ms. Hoffman and Defendant Bisterzo as her "partners" and co-founders of BR. Thus, Ms. Hoffman directs, controls, ratifies, participates in, or is the moving force behind the infringing activities described herein.

108.    On information and belief, as the Chief Impact Officer and Co-Founder of BR, Ms. Pompeo is a moving, active conscious force of BR, including by, among other things: ratifying BR's founding; ratifying BR's use of the BR Marks; ratifying the marketing and advertising of BR's products; ratifying the sales of BR's products; ratifying the purchase of materials for BR's operations; ratifying personnel decisions at BR; ratifying the finances of BR; and actively promoting BR's products and BR's use of the BR marks through her personal appearances in various advertisements, as seen in Exhibit Z. In Ms. Pompeo's "Tell Me" podcast, available at https://podcasts.apple.com/us/podcast/betr-remedies/id1586148064?i=1000549032101, she identifies Defendants Hoffman and Bisterzo as her "partners" and co-founders of BR. Moreover, Ms. Pompeo is the face of BR's advertising in addition to being named as Co-Founder of BR as seen on BR's website and Walmart's website, as well as in BR's January 18, 2022 press release, a true and correct copy of which is shown in Exhibit FF. As she was being interviewed on Good Morning America on January 27, 2022, Ms. Pompeo discusses how she can use her "amazing platform and audience from "Grey's" in her efforts with BR, and also states, "I now make medicine." The Good Morning America interview is available at https://youtu.be/qPpNzuWVpVQ. Defendants

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

state that "BR leverages the name recognition of Ellen Pompeo, a well-known movie and television (Grey's Anatomy) actor" to reach certain buyers (Dkt. 40 at 4:14-16), that "Ms. Pompeo's promotion of BR's BETR® products on social media and in interviews given at the time of the Walmart launch generated substantial publicity, including in Yahoo News, People, and Newsweek, and on Good Morning America" (Dkt. 40 at 4:16-19), that "Betr Remedies' marketing has strategically sought to leverage [its] partnership with Walmart and the name recognition of its co-founder, Ellen Pompeo, a television and movie actor who is known from the popular television show Grey's Anatomy" (Dkt. 40-26 at ¶ 14), and that "Ms. Pompeo also promotes Betr Remedies and the BETR® brand on her Instagram account" (Dkt. 40-26 at ¶ 15). Lastly, in the video featuring Ms. Pompeo on BR's website at https://betrremedies.com/, she states, "We are Betr Remedies." Thus, Ms. Pompeo directs, controls, ratifies, participates in, or is the moving force behind the infringing activities described herein.

### FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS
### (Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114)])

109.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 108, inclusive, and incorporates them as though fully set forth by this reference herein.

110.    Plaintiff owns a valid and protectible registered right in and to the registered marks set forth in the chart of BETR Marks. The registered BETR Marks identify Plaintiff as the source. Plaintiff's registered BETR Marks are inherently distinctive, and, through Plaintiff's longstanding use, have come to be associated solely with Plaintiff as the source prior to the actions of Defendants complained of herein.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

111.   Defendants use Plaintiff's registered BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical and competing products.

112.   The individual Defendants were a moving conscious force in the infringing activity described herein.

113.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the word "BETR", "BETR REMEDIES" and/or derivatives thereof constitutes a colorable imitation of Plaintiff's registered BETR Marks, and is likely to cause confusion, or to cause mistake, or to deceive. As such, Defendants' use of the registered BR Marks constitutes an infringement of Plaintiff's registered trademarks.

114.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the word "BETR", "BETR REMEDIES" and/or derivatives thereof constitutes a colorable imitation of Plaintiff's BETR Marks, and is likely to cause confusion (and/or reverse confusion) whereby consumers will mistakenly believe that goods bearing the BR Marks—the junior marks—came from, or were sponsored by, Betr Health.

115.   Defendants' infringing actions are intentional and willful, as Defendants first adopted their BR Marks with notice of Plaintiff's BETR Marks and expanded their uses of the BR marks with actual knowledge of Plaintiff's BETR Marks. Defendants refuse to cease the infringing activity notwithstanding Plaintiff's assertion of its rights.

116.   Defendants' acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate.

117.   As a direct and proximate result of the foregoing actions by Defendants, Defendants are being unjustly enriched and Plaintiff is being injured and damaged.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

118.   Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing further irreparable injury for which Plaintiff has no adequate remedy at law.

119.   Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to permanently bar Defendants from use of BETR, the BETR Marks, BR Marks, and any confusingly similar marks in commerce in connection with their products and services.

120.   Defendants' intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages or trebled profits, attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION – AGAINST ALL DEFENDANTS
### (False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])

121.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 120, inclusive, and incorporates them as though fully set forth by this reference herein.

122.   In addition to its federally registered trademarks, Plaintiff is the owner of common law rights for the term BETR and the BETR Marks. The BETR Marks identify Plaintiff as the source of Plaintiff's products and services. Plaintiff's BETR Marks are inherently distinctive, and, through Plaintiff's longstanding use, have come to be associated solely with Plaintiff as the source prior to the actions of Defendants complained of herein.

123.   Defendants use Plaintiff's BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical and competing products.

124.   Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the confusingly similar words "BETR," "BETR REMEDIES" and/or variations thereof is likely to

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

125.    Defendants' use in commerce of words, terms, names, symbols, or devices, or any combination thereof, consisting of or including the confusingly similar words "BETR," "BETR REMEDIES" and/or variations thereof is likely to cause confusion or reverse confusion whereby consumers will mistakenly believe that goods bearing the BR Marks—the junior marks—came from, or were sponsored by, Betr Health.

126.    Defendants' use of BETR in advertising, branding and in its trademarks a blatant attempt to capitalize on the goodwill established by Plaintiff.

127.    The individual Defendants were a moving conscious force in the infringing activity described herein.

128.    As a direct and proximate result of the foregoing actions by Defendants, Defendants are being unjustly enriched and Plaintiff is being injured and damaged.

129.    Unless enjoined by this Court, Defendants will continue to engage in the aforesaid acts of trademark infringement, thereby causing further irreparable injury for which Plaintiff has no adequate remedy at law.

130.    Defendants' infringing actions are intentional and willful, as Defendants adopted BETR and the BR Marks with notice of Plaintiff's use of BETR and the BETR Marks, and then expanded their uses of the BR marks with actual knowledge of Plaintiff's BETR Marks, and refuse to cease their infringing activity notwithstanding Plaintiff's assertion of its rights.

131.    Defendants' acts of infringement have caused and are causing actual damage and irreparable harm to Plaintiff, for which legal remedies are inadequate. Therefore, in addition to monetary remedies, Plaintiff seeks injunctive relief to

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

permanently bar Defendants from use of the BETR Marks, BR Marks, and any confusingly similar marks in commerce in connection with their products.

132. Defendants' intentional actions are willful and render this an exceptional case, further entitling Plaintiff to recovery of trebled damages or trebled profit and its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION - AGAINST ALL DEFENDANTS
### (California Common Law Trademark Infringement)

133. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 132, inclusive, and incorporates them as though fully set forth by this reference herein.

134. Plaintiff has valid and protectable common law rights in the BETR Marks in and through the state of California by virtue of longstanding use of the mark in commerce.

135. Plaintiff is the senior user of the BETR Marks.

136. Defendants use Plaintiff's BETR Marks or confusingly similar marks, in connection with the sale, offering or sale and advertising of identical and competing products.

137. Defendants' conduct constitutes infringement of Plaintiff's common law rights in the BETR Marks. As alleged in detail above, Defendants' use of BETR and the confusingly similar BR Marks in the state of California constitutes an infringement of Plaintiff's trademark rights.

138. Defendants' use of the confusingly similar BETR Marks on unauthorized goods and services is likely to cause confusion as to the origin of Defendants' goods and services and is likely to cause others to believe that there is a relationship between Defendants and Plaintiff.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

139.   Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Plaintiff's reputation and the substantial goodwill it has built up in the BETR Marks.

140.   The individual Defendants were a moving conscious force in the infringing activity described herein.

141.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged.

142.    Unless an injunction is issued enjoining any continuing or future use of the BETR Marks by Defendants, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage Plaintiff. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction.

143.   Defendants' willful was committed knowingly and willfully, thereby justifying an award of treble or exemplary damages or profits in addition to Plaintiff's actual damages.

## FOURTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS
### (Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et seq.])

144.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 143, inclusive, and incorporates them as though fully set forth by this reference herein.

145.   Plaintiff has expended significant time and expense in developing the BETR Marks and the high-quality products and services it markets and sells under those marks. The BETR Marks have been very successful and have developed a substantial reputation and goodwill in the marketplace.

146.   Through their wrongful conduct, Defendants have misappropriated Plaintiff's efforts and are exploiting the BETR Marks and Plaintiff's reputation to market and sell their services under the BETR Marks. These actions constitute unfair competition.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

147. As alleged in detail above, Defendants' use and advertising of BETR and the confusingly similar BR Marks in the state of California without authorization, constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200.

148. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged. The individual Defendants were a moving conscious force in the unlawful, unfair or fraudulent business acts or practices alleged herein.

149. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' unfair competition in the form of damage to its good will, lost sales, loss of its intellectual property and other actual damages.

150. The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' business practices.

151. The unlawful, unfair, and fraudulent business practices of Defendants, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendants' products and services in that the general public is likely to believe that Defendants' products and services originate from, or are affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

152. As a direct and proximate result of Defendants' wrongful acts as alleged in this Complaint, Defendants obtained unlawful profits to the detriment of Plaintiff.

153. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction prohibiting Defendants' wrongful acts.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

154.   Defendants committed the wrongful acts willfully, intending to gain business and a share of the market by riding on Plaintiff's reputation and good will. Defendants' conduct justifies an award of treble or exemplary damages or profits.

155.   Upon proof, Plaintiff is entitled to recover its costs, including attorneys' fees, under California Code of Civil Procedure Section 1021.5.

## FIFTH CAUSE OF ACTION – AGAINST DEFENDANT BR

### (Cancellation of Registered Trademarks [15 U.S.C. § 1064(1) and (3)])

156.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 155, inclusive, incorporates them as though fully set forth by this reference herein, and states grounds herein on which to cancel the BR Registrations.

157.   Plaintiff and Defendant BR are involved in the Consolidated Cancellation Actions before the TTAB.  Section 37 of the Lanham Act, 15 U.S.C. § 1119 empowers federal courts to order the cancellation of federally registered trademarks in "any action involving a registered mark . . ." and therefore Plaintiff includes the Consolidated Cancellation Actions in this Complaint for the purposes of judicial economy and efficiency, on each of the grounds stated herein with the following factual background.

158.   Country Mile is "a brand development company that specializes in new venture insights, trademarks, and partnerships." (Dkt. 40-33 at ¶ 2)

159.   On information and belief, Country Mile is not in the business of selling the products or services branded under the trademarks it develops. In other words, Country Mile is a trademark developer but not a trademark user.

160.   In approximately late 2017, Country Mile did "extensive research in the digital and physical marketplace, as well as a thorough search of the USPTO database" for supplements under the BETR brand. (Dkt. 40-33 at ¶¶ 4-6)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

161.    By May 9, 2018, Country Mile was aware of Betr Health. (Dkt. 40-33 at ¶ 10 ("To the extent that I or anyone on my team at Country Mile had any awareness of Plaintiff, we knew of Plaintiff as a weight loss coaching service …")).

162.    By no later than May 9, 2018, Betr Health's website offered supplements marketed under the Plaintiff's BETR mark, as seen in Exhibit BB, consisting of internet archives, specimens submitted to the USPTO, YouTube videos, and social media posts.

163.    By May 9, 2018, on information and belief, Country Mile was aware that Betr Health was offering supplements marketed under Plaintiff's BETR mark, and was further aware the Betr Health was the senior user of supplements marketed under the BETR mark and sold through Plaintiff's website betrhealth.com.

164.    On May 10, 2018, Country Mile filed an intent-to-use application for the BETR mark, but did not have a bona fide intention to use the mark; rather, Country Mile was merely trying to reserve the BETR mark for a wide range of over-the-counter products, for the purpose of trafficking in said mark.

165.    In or around September 2018, Country Mile mocked up BETR designs without any involvement by BR (Dkt. 40-33 at ¶ 8 ("… in or around September 2018, one of my design associates created mock-up designs for the BETR brand … This work predated any involvement by Betr Remedies or Green Park Brands.")).

166.    BR was founded in January 2019 (Dkt. 40-24 at ¶ 3).

167.    "Country Mile and Betr Remedies executed a formal trademark license agreement shortly after Betr Remedies' incorporation." (Dkt. 40-33 at ¶ 12). According to the assignment agreement attached as Exhibit W, which references the license agreement, the license agreement was dated March 15, 2019.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

168.   On information and belief, at the time that Country Mile and BR executed the trademark license agreement, and since that time, Country Mile and BR have not been under common control and are not corporate affiliates, and Country Mile has not controlled the manner of BR's use of the mark or the quality of BR's goods. On information and belief, Country Mile and BR executed a naked trademark license.

169.   On December 18, 2019, in a declaration to the USPTO, Country Mile stated that "This is the second extension request. The applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of those goods/services covered by the extension request: product or service research or development ; market research ; manufacturing activities ; promotional activities." On information and belief, this statement was false because Country Mile and BR did not have FDA approval to sell over-the-counter products and neither Country Mile nor BR were engaged in "manufacturing activities" or "promotional activities."

170.   In approximately January 2021, BR (named Live Betr LLC at the time) made its first FDA filings required for the sale of over-the-counter products.

171.   "Betr Remedies was originally founded under the name Live Betr, LLC. On February 5, 2021, the company amended its corporate name to Betr Remedies, LLC …" (Dkt. 40-24 at ¶ 7).

172.   In March 2021, BR claims it made its first commercial sales of over-the-counter products using the BETR mark (Dkt. 40-24 at ¶ 9).

173.   According to the assignment agreement attached as Exhibit W, Country Mile and BR executed the trademark assignment on August 18, 2021.

174.   BR's Registration No. 6,646,624, which matured out of Country Mile's Application No. 87/916,265, was still an intent-to-use application when it was assigned (in addition to being void ab initio due to lack of a bona fide intent to

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

use at the time of filing, as discussed separately below). Specifically, Application No. 87/916,265 was assigned together with Country Mile's other registrations and applications including in Canada and the UK, on August 18, 2021, but the Statement of Use for Application No. 87/916,265 was not filed until December 13, 2021, alleging use since November of 2021.

175. BR's Registration No. 6,456,090, which matured out of Country Mile's Application No. 87/983,921 relied on a fraudulent and/or void Statement of Use (in addition to being void ab initio due to lack of a bona fide intent to use at the time of filing, as discussed separately below) and therefore lacked any goodwill at the time it was assigned.

176. Despite language mirroring the applicable statute, the trademark assignment agreement, attached as Exhibit W, cannot have made BR the successor to any portion of Country Mile's business to which the BETR mark pertained, because no such business existed. Country Mile's actual business, which is developing brands, would have acquired no goodwill in the BETR mark, involved no actual use of the BETR mark, and made no preparations to actually use the BETR mark in commerce in connection with over-the-counter medicines or supplements.

**A. Cancellation for Fraud: False Declaration and False Statement of Use**

177. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 176, inclusive, and incorporates them as though fully set forth by this reference herein.

178. A registered mark may be cancelled at any time if the registrant committed fraud in its procurement or maintenance. 15 U.S.C. § 1064(3). A registrant thereby commits fraud when it knowingly makes a false, material representation in any sworn declaration submitted to the USPTO with the intent to deceive the USPTO. *See In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

179. Betr Health is the owner of U.S. trademark applications, registrations, and common law rights in and to the BETR Marks.

180. Betr Health used its marks in commerce prior to BR and filed, used and registered its federally registered rights before BR.

181. BR obtained federal registrations as shown in the registration certificates for the BR Registrations attached at Exhibit AA.

182. On information and belief, knowing that Betr Health owned rights to the BETR Marks, BR's predecessor in interest, Country Mile, then knowingly made the false material representation in a sworn declaration to the USPTO as follows:

> "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

183. This statement is false because Betr Health is in fact a current user with the right to use the mark in commerce in identical or near identical form.

184. Country Mile made the materially false representation with the intent to deceive the USPTO, as Country Mile knew that Betr Health is the owner of the BETR Marks.

185. Country Mile knew that the registered BETR mark would be used for the same type of goods as those under the BETR Marks. Country Mile knew there would be a likelihood of confusion between the BR Registrations and the BETR Marks (as Country Mile was aware of the similarity of the marks and the similarity of the goods and services under each mark).

186. In a subsequent sworn declaration to the USPTO, in connection with the application that matured into Registration No. 6,456,090, Country Mile also stated as follows:

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

"The mark is in use in commerce on or in connection with the . . . goods/services listed in . . . the application."

"The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 03/11/2021, and first used in commerce at least as early as 03/11/2021, and is now in use in such commerce."

187.    These statements were also false because the mark was not used by the applicant, Country Mile, nor was the mark used by an entity that could be considered a related company or legitimate licensee, due to the absence of control over BR or any distributor of BR. And clearly the mark was not used by a predecessor in interest, as Country Mile itself is the purported predecessor in interest.

188.    On May 10, 2018, Country Mile filed an intent-to-use application for the BETR mark, declaring, "The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services" (Dkt. 40-35 at Exhibit B). This statement was false because Country Mile never had any intent to use the mark in commerce in connection with the identified goods/services.

189.    On December 18, 2019, in a declaration to the USPTO, Country Mile declared a continuing bona fide intention to use the mark, and further stated, "[t]his is the second extension request. The applicant has made the following ongoing efforts to use the mark in commerce on or in connection with each of those goods/services covered by the extension request: product or service research or development ; market research ; manufacturing activities ; promotional activities." (Dkt. 40-35 at Exhibit B). On information and belief, this statement was false because Country Mile and BR did not have FDA approval to sell over-the-counter products and neither Country Mile nor BR were engaged in "manufacturing activities" or "promotional activities."

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

190.   The specimen submitted to the USPTO is a box labeled with the name of a Santa Monica distributor that was neither Country Mile nor BR.

191.   Until November 2021, BR products were offered exclusively through betrremedies.com – with no indication of use prior and no use to support Defendants' rights to the BR Registration.

192.   Country Mile knew the USPTO would rely on Country Mile's declarations in its application. The USPTO granted registration based on such false statements and reliance thereon.

193.   The USPTO relied on Country Mile's false statements.

194.   Country Mile's false statements in its initial application and in its May 6, 2021 Statement of Use are imputed to BR, the purported acquiror of the BR Registrations.

195.   Absent these false statements in its application declaration and Statement of Use, the BR Registrations would not have been granted.

196.   Betr Health believes that it has been and will continue to be damaged by BR's registered marks and the registration of these marks is likely to cause confusion, mistake or to deceive the consuming public and that Plaintiff's rights will be diminished by the continued registration thereof.

197.   Accordingly, this court may order the cancellation of the BR Registrations and order the registrations removed from the register.

## B. Cancellation: Priority and Likelihood of Confusion

198.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 197, inclusive, and incorporates them as though fully set forth by this reference herein.

199.   A registered mark may be cancelled if it so resembles a federally registered mark or a mark previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods or

- 38 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

services of the defendant, to cause confusion, or to cause mistake, or to deceive. 15

U.S.C. § 1052(d); *see Palm Bay Imports Inc. v. Veuve Clicquot Ponsardin Maison*

*Fondee En 1772*, 396 F.3d 1369 (Fed. Cir. 2005); *see also Kohler Co. v. Baldwin*

*Hardware Corp.*, 82 USPQ2d 1100, 1113 (TTAB 2007) (doubt resolved in favor

of prior user).

200.   BR's registration of its marks despite the open and registered rights of

Betr Health's BETR Marks is willful; Country Mile and BR adopted Betr Health's

marks with notice and knowledge of Betr Health's BETR Marks and Betr Health's

rights and interest in and to the BETR Marks.

201.   Plaintiff has priority of use of the BETR Marks, dating back to

February of 2016.

202.   The BR Registrations so resemble the BETR Marks that the

consuming public is likely to be confused, mistaken, or deceived into believing

that BR's goods originate from BETR Health or are in some way related to,

associated with, or sponsored by Plaintiff.

203.   The BR registrations so resemble the BETR Marks that its aggressive

marketing and "official site" label are likely to cause the consuming public to be

confused, mistaken, or deceived in the reverse—into believing that Betr Health is

the junior user.

204.   Betr Health believes that it has been and will continue to be damaged

by BR's registered mark and the registration of this mark is likely to cause

confusion, mistake or to deceive the consuming public and that Plaintiff's rights

will be diminished by the continued registration thereof.

205.   Accordingly, this court may order the cancellation of the BR

Registrations and order the registrations removed from the register.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

**C. Cancellation for Lack of Bona Fide Intention to Use**

206.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 205, inclusive, and incorporates them as though fully set forth by this reference herein.

207.    The Trademark Trial and Appeal Board Manual of Procedure Section 309.03(c)(1) states the following as an available ground for cancellation of a registration:

> That defendant did not have a bona fide intent to use the mark in connection with the identified goods/services as of the filing date of the application under Trademark Act § 1(b), 15 U.S.C. § 1051(b). A plaintiff need not allege and prove that the defendant acted in bad faith and intended to deceive the USPTO. The requirements for pleading and proving a lack of a bona fide intent to use a mark do not equate to the requirements for pleading and proving fraud. *See SmithKline Beecham Corp. v. Omnisource DDS LLS*, 97 USPQ2d 1300, 1305 (TTAB 2010).

208.    Moreover, "[l]ack of bona fide intent to support an intent-to-use application ... may render an application void ab initio upon challenge in federal district court." *Balance Studio, Inc. v. Cybernet Ent., LLC*, No. 15-CV-04038-DMR, 2017 WL 2473038, at *5 (N.D. Cal. June 8, 2017).

209.    On May 10, 2018, Country Mile filed an intent-to-use application for the BETR mark (Dkt. 40-35 at Exhibit B), but did not have a bona fide intention to use the mark; rather, Country Mile was merely trying to reserve the BETR mark for trafficking to a third party to use for a wide range of over-the-counter products.

**D. Cancellation for Abandonment through Naked Licensing**

210.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 209, inclusive, and incorporates them as though fully set forth by this reference herein.

211.    A registered mark may be cancelled if the mark has been abandoned due to a course of conduct that has caused the mark to lose significance as an

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

indication of source. 15 U.S.C. § 1127. A registrant engages in what is called naked licensing and thereby abandons a mark if it permits a licensee to use the mark without exercising sufficient control over the manner and quality of use. *See, e.g., FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515 (9th Cir. 2010) (abandonment for lack of quality control); *Barcamerica Intern. USA Trust v. Tyfield Importers, Inc*., 289 F.3d 589 (9th Cir. 2002) (plaintiff "played no meaningful role in holding the wine to a standard of quality - good, bad or otherwise."); *see also Noble House Home Furnishings, LLC v. Floorco Enters., LLC*, 118 USPQ2d 1413 (TTAB 2016) (abandonment found where related company's use of mark could not inure to owner's benefit).

212.   Prior to assigning trademark rights to BR, Country Mile forfeited those rights by failing to control the manner of BR's use of the mark and the quality of BR's goods.

213.   BR is and at all relevant times has been identified in advertising and marketing materials as the source of the goods covered by BR's Registration.

214.   BR presently has a President, namely, Defendant Jennifer Hoffman, and at the relevant time, BR had a CEO, namely, Defendant Livio Bisterzo, and was not controlled by Defendant Country Mile.

215.   As a trademark developer, but not a trademark user, Country Mile has exercised no control over the manner or quality of trademark use by BR or any licensee of BR, despite having a license agreement in place—a naked license.

216.   Upon information and belief, any purported use of the mark or goodwill associated with the mark relied exclusively on use of the mark by BR or a licensee of BR. Aware that Country Mile could not lawfully assign its intent-to-use trademark applications, BR and Country Mile colluded through their naked license agreement to suggest that BR or its licensee's use of the mark supported Country Mile's trademark applications.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

217.    Country Mile permitted BR's use of the mark shown in the BR Registrations without the requisite quality controls.

218.    Any use of the mark by BR or a licensee of BR therefore did not inure to the benefit of Country Mile when Country Mile filed its Statement of Use or thereafter.

219.    Allowing a third party to use the mark without the requisite control, Country Mile forfeited any rights it held in the mark shown in the BR Registrations.

220.    Lacking actual use of the mark through itself or a licensee over which it exerted sufficient control, and having forfeited the BETR mark, Country Mile owned no valid trademark rights to assign to BR.

221.    The trademark assignment from Country Mile to BR is void.

### E. Cancellation for Assignment of Intent-to-Use Application in Contravention of Lanham Act § 10

222.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 221, inclusive, and incorporates them as though fully set forth by this reference herein.

223.    The anti-trafficking rule dictates that intent-to-use applications may not be assigned unless to a successor of the applicant's business or that portion of the applicant's business to which the mark pertains. 15 U.S.C. § 1060. The business must be "ongoing and existing." 15 U.S.C. § 1060(a)(1). "Violating this 'anti-trafficking rule' voids the assignment as well as the underlying application and resulting registration." *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 219CV02702VAPJEMX, 2019 WL 8754735, at *5 (C.D. Cal. Sept. 3, 2019).

224.    For an assignment to be valid, the assignor must have had some goodwill or an ongoing and existing business to assign. *Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-CV-01720-LHK, 2016 WL 949004, at *11 (N.D.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 42 -

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

Cal. Mar. 14, 2016) ("Standing alone, the assignment's language does not establish that Miller had goodwill or an ongoing and existing business to transfer.").

225.   Country Mile's Application No. 87/916,265, which matured into BR's Registration No. 6,646,624, was still an intent-to-use application when it was assigned (in addition to being void ab initio due to lack of a bona fide intent to use at the time of filing). Application No. 87/916,265 was assigned together with Country Mile's other registrations and applications including in Canada and the UK, on August 18, 2021, but the Statement of Use for Application No. 87/916,265 was not filed until December 13, 2021, alleging use since November of 2021.

226.   Moreover, Country Mile's Application No. 87/983,921, which matured into BR's Registration No. 6,456,090, relied on a fraudulent and/or void Statement of Use (in addition to being void ab initio due to lack of a bona fide intent to use at the time of filing) and therefore lacked any goodwill at the time it was assigned.

227.   The assignment agreement could not have transferred a portion of any ongoing and existing Country Mile business to which the mark pertained, because no such ongoing and existing business existed. Country Mile had made no use of the mark, acquired no goodwill in the mark, and could not have even made preparations for actual use of the mark in connection with over-the-counter medicines or supplements as this would have been well outside Country Mile's business activities.

228.   On information and belief, Defendant BR colluded with Defendant Country Mile to acquire the Country Mile applications and registrations in contravention of the antitrafficking rule, with the intent to obtain an earlier constructive use date and somehow trump Plaintiff's first use dates despite that BR's own use date is not until 2021 (Dkt. No. 40-24 ¶ 9).

229.   Therefore, the assignment and the resulting registrations are void.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

**SIXTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS**

(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

230.    Plaintiff re-alleged each and every allegation set forth in Paragraphs 1 through 229, inclusive, and incorporates them as though fully set forth by this reference herein.

231.    This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d) arising from Defendants' bad faith intent to profit from Plaintiff's BETR Marks and registration and use of the infringing www.betrremedies.com domain name (the "Infringing Domain").

232.    Defendants own and use "Betr Remedies' betrremedies.com website" (Dkt. No. 40-26 ¶ 5).

233.    Defendants display the BETR mark and products bearing the BETR mark in the betrremedies.com website and within the domain name itself.

234.    Since 2015, Plaintiff has had applications for the mark BETR on file with the USPTO providing actual and constructive notice of Plaintiff's rights to the mark since that date. Plaintiff has owned a BETR trademark registration since 2016, in addition to multiple other trademark applications and registrations for the BETR Marks.

235.    Plaintiff owns multiple domain names that include the BETR Marks as shown in Exhibit D.

236.    For example, Plaintiff, through its affiliated holding company, Proactive Fitness Solutions, owns and has owned the domain name "livbetr.com" (Exhibit D) since approximately December 29, 2015.

237.    The website domain livbetr.com resolves to Plaintiff's media page and is linked to Plaintiff's blog and related website, https://betrhealth.com/blog/ and www.betrhealth.com.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

238.    Despite the fact that Plaintiff owns and has owned the livbetr.com domain, Defendants company, "Betr Remedies was originally founded under the name Live Betr, LLC" the name Plaintiff already had as one of its domain name registrations (Dkt. 40-24 at ¶ 7).

239.    On information and belief, Defendants were aware that livbetr.com was owned by Plaintiff.

240.    On January 20, 2021, BR registered the domain name betrremedies.com.

241.    On information and belief, when they registered the domain betrremedies.com on January 20, 2021, BR was aware that Plaintiff owned the domain name "livbetr.com".

242.    In January 2021, BR (named Live Betr LLC at the time) made its first FDA filings required for sales of over-the-counter products.

243.    On information and belief, before January 20, 2021, BR was aware of the existence of Betr Health (Dkt. 40-24 at ¶ 14).

244.    On information and belief, before January 20, 2021, BR was aware that Betr Health was selling supplement products through its website betrhealth.com (Dkt. 40-24 at ¶ 14 ("I understand that, at the time of the letter, Plaintiff was marketing the sale of a diet pill supplement product to be used in conjunction with Plaintiff's weight loss program. I observed then that Plaintiff refers to that product as its "Daily Essentials" pack.").

245.    "On February 5, 2021, the company [Live Betr LLC] amended its corporate name to Betr Remedies, LLC ..." (Dkt. 40-24 at ¶ 7).

246.    By January 20, 2021, on information and belief, BR was aware that Betr Health was offering supplements marketed under Plaintiff's BETR mark, and was further aware the Betr Health was the senior user of supplements marketed under the BETR mark and sold through Plaintiff's website betrhealth.com.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

247.   By January 20, 2021, on information and belief, Defendants knew that Betr Health was the senior user of the BETR mark including through its website betrhealth.com, and Defendants further tried to profit from Betr Health's senior use by reserving the domain name betrremedies.com.

248.   The Infringing Domain is confusingly similar to Plaintiff's BETR Marks since it incorporates Plaintiff's BETR Mark.

249.   Plaintiff's BETR Mark was distinctive at the time Defendants registered the Infringing Domain.

250.   All Defendants are liable for this claim and because they directed, controlled, ratified, participated in or were the moving conscious force behind the acts associated with the infringement, unauthorized use of trademark in the domain and website, and the actions constituting this Violation of the Anticybersquatting Consumer Protection Act.

251.   Defendants registered or caused to be registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from Plaintiff's BETR Marks.

252.   Defendants have used the Infringing Domain Name to promote their own competing goods with the intent to divert consumers from Plaintiff and its website for Defendants' commercial gain.

253.   Defendants' use of the Infringing Domain is for products that are confusingly similar to and identical to Plaintiff's goods and for products that are complementary to Plaintiff's services. Defendants are attempting to and intending to create consumer confusion through use of the Infringing Domain Name.

254.   Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA").

255.   As a result of Defendants' willful and intentional actions, Plaintiff has been damaged in an amount to be proven at trial.

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

256.   Defendants' registration, trafficking in, and/or use of the Infringing Domain Name has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment against Defendants as follows:

1.   For an award of actual damages according to proof, but in no event less than $5,000,000;

2.   For disgorgement of Defendants' profits;

3.   For reasonable attorney's fees and costs of suit;

4.   For pre-judgment interest on all amounts claimed as permitted by law;

5.   For an order of permanent injunction, enjoining Defendant from using BETR and the BETR Marks, or any confusingly similar trademarks, tradenames, or domain names that include the terms BETR, BETR REMEDIES, or any confusingly similar mark or variation in connection with the sale of over-the-counter medications, pharmaceuticals or nutritional supplements of any kind, personal health devices, coaching, nutrition and meal planning, meal-delivery services, lifestyle modification programs, telemedicine, medical services, or mental health services.

6.   For an order impounding for destruction all products, brochures, marketing materials, point of sale displays and other articles bearing the BR Marks;

7.   For a judgment that Defendants' infringement, unfair competition and violation of the Anticybersquatting Consumer Protection Act has been willful;

8.   For an order requiring Defendants to transfer the www.betrremedies.com domain;

9.   At Plaintiff's election before final judgment, an award to Plaintiff of statutory damages pursuant to 15 U.S.C. § 1117(d) in the amount of $100,000 per Infringing Domain Name for violation of 15 U.S.C. § 1125(d)(1(A);

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4889-2887-9136.1

10.     For an order requiring Defendants to cease purchasing any adwords or engaging in any advertising campaigns involving search engine optimization strategies that utilize the term BETR;

11.     For an order requiring Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Betr Health's intellectual property;

12.     For trebling of damages or profits pursuant to 15 U.S.C § 1117(a);

13.     For punitive damages;

14.     For an order cancelling the BR Registrations; and

15.     For such other, further, and different relief as the Court may deem proper under the circumstances.


Dated:  May 24, 2022                         SNELL & WILMER L.L.P.


                                             By: /s/ *Deborah A. Gubernick*
                                                 Deborah A. Gubernick
                                                 Snell & Wilmer, LLP
                                                 600 Anton Blvd, Suite 1400
                                                 Costa Mesa, CA 92626
                                                 dgubernicks@swlaw.com
                                                 714-427-7000
                                                 Attorneys for Plaintiff

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Amended Complaint.

Dated:  May 24, 2022                                    SNELL & WILMER L.L.P.


By: /s/ *Deborah A. Gubernick*
    Deborah A. Gubernick, Esq.
    Attorneys for Plaintiff

AMENDED COMPLAINT
CASE NO. 2:22-CV-00651

4889-2887-9136.1